THE CITY OF KANSAS CITY v. THE WYANDOTTE
GAS COMPANY.

**No. 697.*** (61.Pac. 317.)

1. CITIES—*Contract for Lighting—Ultra Vires.* The plea of
*ultra vires,* when interposed for or against a corporation, ought
not to be permitted to prevail when it would not advance justice.
Where a city has lawful authority to make a contract, makes the
the same, and accepts the benefits accruing, it ought not to be
allowed to withhold payment for benefits accrued.

2. ———— *Contract under Prior Laws—Valid Indebtedness.*
A city containing more than 40,000 inhabitants is not authorized,
under chapter 259, Laws of 1895 (Gen. Stat. 1897, ch. 32, § 99;
Gen. Stat. 1899, § 897), to repudiate its indebtedness for the
lighting of its public streets and alleys under a valid contract
entered into prior to the passage of such act.

Error from Wyandotte district court; HENRY L.
ALDEN, judge. Opinion filed June 6, 1900. Modified.

*F. D. Hutchings,* and *T. A. Pollock,* for plaintiff in
error.

*Alden, McFadden & Alden,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was commenced by the
Wyandotte Gas Company against the city of Kansas

*Petition for order to certify denied by supreme court July 7,
1900.—REP.

City to recover a balance due on the monthly bills of the gas company for gas furnished to the defendant city. The gas company alleged that it is a corporation organized under the laws of the state of New York, and that the city is indebted to it in the sum of $1337.32, for gas furnished from April 1, 1895, to July 1, 1897, as shown by statements of account attached to the petition. The company asked for judgment for the amount claimed, but made no demand for interest.

The defendant city in its answer denied generally the allegations of the petition, except that said defendant city is a city of the first class, and alleged that at the time of the incurring of the pretended indebtedness and accruing of the pretended cause of action sued on the defendant was such city and had a population of over 40,000 inhabitants. It was further alleged in the answer :

"That if there is any liability on the part of the defendant, which defendant denies, then defendant alleges that in 1895, 1896 and 1897 the assessed valuation of all the property, both real and personal, in said Kansas City, Kan., was $7,616,957, and that by chapter 259 of the Session Laws of 1895, approved March 7, 1895 [Gen. Stat. 1897, ch. 32, § 99 ; Gen. Stat. 1899, § 897], the levy of Kansas City, Kan., for the lighting of its streets and other places in said city by electricity and gas was limited to 2¼ mills on the dollar, and that the levy for such purposes was at all times duly made to the full limit allowed by law, and the same was levied during each of the years ·1895, 1896 and 1897 for such purposes based upon such valuation, and amounted in the aggregate to the sum of $51,414.45, and that during said years 1895, 1896 and 1897 the total cost of lighting the streets and other public places of said city amounted to the sum of $68,552.60, under existing contracts and contracts made prior to 1896 ; that said sum of $51,-

414.45, so levied as aforesaid, was paid under contracts during said years for lighting of the streets and other public places of said city *pro rata* to the plaintiff herein and the Kansas City Consolidated Electric Light and Power Company; that there was paid to the plaintiff during said time, as its *pro rata* share, the sum of $4011.96, and that there has been paid during said time to said Consolidated Electric Light and Power Company as and for its *pro rata* share of said levy for lighting the streets and other public places of said city by gas and electricity the sum of $47,402.45, and that said sums so paid to plaintiff and the Kansas City Consolidated Electric Light and Power Company, are equal only to about seventy-five per cent. of the bills for the lighting of said streets and other public places of said city of Kansas City, Kan., by electricity and gas; that said city, by reason of the premises aforesaid, does not owe and has had no power since April, 1896, and prior thereto, to contract a debt to said plaintiff company for more than the sum of $4011.96, which sum this defendant avers has been or was before the commencement of this action fully paid to said plaintiff."

The plaintiff replied:

"1. That it denies each and every allegation and averment contained in said defendant's amended answer which is inconsistent with allegations of plaintiff's petition.

"2. That prior to the passage of the act of the legislature of the state of Kansas, to wit, chapter 259 of the Session Laws of 1895, referred to in defendant's amended answer, the plaintiff and defendant entered into a contract whereby and under the terms of which the indebtedness set out in plaintiff's petition accrued, and became due, and which contract is still in force and effect; that said contract was and is in the form and nature of a certain franchise duly granted to said plaintiff by said defendant city by an ordinance duly and regularly passed, the same being ordinance No. 406, passed in council on the 19th day of June, 1883,

and on said day approved by the mayor of said city and duly published according to law.

"3. That afterwards, and prior to the enactment of said chapter 259 of the Session Laws of 1895, said franchise, together with the rights and privileges thereunder, was by ordinance No. 1212 of said defendant city duly passed in council January 14, 1890, and approved by the mayor thereof January 21, 1890, and duly published according to law, extended to and throughout the limits of said defendant, the city of Kansas City, Kan.

"4. That afterwards, and prior to the enactment of said chapter 259 of the Session Laws of 1895, said franchise above referred to, together with the extensions thereof, as above stated, was further extended by an ordinance of said defendant city, which ordinance is No. 1907, and duly passed in council November 7, 1890, and approved November 8, 1890, and duly published according to law. All of which said ordinances are in full force and effect and are herein referred to and made a part of this reply as fully as though herein set out.

"5. That said chapter 259 of the Session Laws of 1895, each and every part thereof, is unconstitutional and void and of no effect in so far as the rights of the parties hereto are concerned."

A trial was had upon the pleadings and evidence, the court found generally in favor of the gas company, and rendered judgment against the city for the sum of $1524.36, principal and interest. The defendant duly excepted, and filed its motion for a new trial upon all of the statutory grounds, which was overruled.

The defendant, as plaintiff in error, prepared its case-made and presents the record to this court for review, alleging error in the proceedings of the trial court as follows: (1) That the court erred in rendering judgment in favor of the defendant in error and against the plaintiff in error; that the judgment is

contrary to the law and the evidence; (2) that the court erred in allowing interest upon the accounts and in rendering judgment for the sum of $1524.36; (3) that the court erred in overruling the motion of the plaintiff in error for a new trial.

At the trial the parties made the following admissions:

"1. That if anything is due to the plaintiff from the defendant under the law in this case, then, and in that case, the items of the account herein sued on are correct, and that there is a balance due and unpaid upon said account as stated in the petition.

"2. It is admitted by the plaintiff herein that on and prior to the incurring of the indebtedness herein sued upon the city of Kansas City, Kan., was a city having a population of over 40,000 inhabitants. That for the years 1895, 1896 and 1897 the assessed valuation of all the property in said city, both real and personal, was $7,616,957.

"3. That the tax levy of two and one-fourth mills on the dollar for street lighting of said city upon such assessed valuation during such years of 1895, 1896 and 1897 amounts in the aggregate to the sum of $51,414.45.

"4. That during said years of 1895, 1896 and 1897 the total cost for lighting the streets and other public places of said city, under existing contracts with the plaintiff and the Kansas City Consolidated Light and Power Company, and under contracts made prior to said year 1895, amounted to the sum of $68,552.60.

"5. That said sum of $51,414.45, so levied and collected as taxes upon the total taxable property of said city as aforesaid, was paid under contracts for lighting the streets and other public places of said city of Kansas City during the years of 1895, 1896, and 1897, of which sum the plaintiff was paid an amount equal to about seventy-five per cent. of its bills for lighting the streets and public places of the city, that being its *pro rata* share of said sum of $51,414.45, the balance of said sum being paid to the Kansas City Con-

solidated Electric Light and Power Company under
its contract with the city in the same ratio of seventy-
five per cent. upon the bills rendered by said last-
mentioned company.''

The admissions above set out, together with the or-
dinances described in the reply of plaintiff, constitute
all the evidence in the case.

The plaintiff in error contends that the provisions
of the ordinances which defendant in error claims con-
stitute the contract between the gas company and the
city are *ultra vires* and void.

It appears that the contract for lighting the city was
made prior to 1895, and that at all times prior to the
commencement of this action the city treated the con-
tract as a valid existing contract.   It permitted, with-
out objection, the execution of the same on the part of
the gas company and accepted the benefits accruing to
it by reason of the contract.

At the time the contract was made the city had full
power and authority to provide for lighting streets and
public places.  (Gen. Stat. 1897, ch. 32, § 88, subdiv.
13, 23, and § 99;  Gen. Stat. 1899, §§ 710, 897;  *Stew-
art v. Town Co.*, 50 Kan. 553, 32 Pac. 121; *The State,
ex rel., v. City of Hiawatha*, 53 id. 477, 36 Pac. 1119.)

The amount sought to be recovered is admitted to
be that agreed upon by the parties, and in the absence
of any showing to the contrary we must presume was
a reasonable charge for the lights furnished.   It was
admitted that if anything was due from the city to the
plaintiff the amount due and unpaid upon the ac-
count was correctly stated in the petition.   The city
in this case had accepted the benefits accruing to it,
but seeks to avoid the liabilities under the contract.
A legal liability springs from a moral duty to make
restitution.   The city in a legal aspect ought to be

bound to pay a reasonable price for the benefits accruing to it under the contract, and the reasonableness of the charge is not questioned. (*Hitchcock v. Galveston*, 96 U. S. 341, 24 L. Ed. 659.) The contention of the plaintiff in error is not supported by reason nor by authorities. The plea of *ultra vires* ought not to be permitted to prevail when interposed for or against a corporation, when it would not advance justice. (*Water Works Co. v. City of Columbus*, 48 Kan. 99, 28 Pac. 1097.)

The next contention is that the city had no power to contract an indebtedness for the cost of lighting in excess of the amount of revenue derived from the two-and-one-fourth-mill levy authorized by chapter 259 of the Laws of 1895.

The contract for lighting the city was made long prior to the passage of that act, and in no way conflicts with its provisions, unless we construe the conflict to exist by reason of the fact that the levy of two and one-fourth mills did not produce an amount of money sufficient to pay for lighting according to the terms of the contract. At the time the contract was made, the city had authority to provide for and regulate the lighting of its streets. Section 59, chapter 100, Laws of 1872, provides :

"The council may provide for and regulate the lighting of the streets, and the erection of lamp-posts, and the council shall have power to make contracts with, and authorize any person, company or association to erect gas-works in said city and give such person, company or association the exclusive privilege of furnishing gas to light the streets, lanes and alleys of said city for any length of time not exceeding twenty-one years."

This statute authorized the council to contract for the lighting of the streets, public places and buildings in

such manner as in their judgment was most advisable, for any term not exceeding twenty-one years. Under the contract in question, the gas company erected, has maintained and operated gas-works, furnished the light stipulated to be furnished to the city, and has performed all of the conditions of the contract on its part to be performed up to the commencement of this action. The city had power to contract an indebtedness for lighting at the time the contract was made. It may be that after the passage of the act of 1895 the city could repudiate the contract so far as it exceeded the two-and-one-fourth-mill levy authorized, but it appears to us that so long as the city, without objection, accepted the benefits of the contract it should bear the burdens.

It is finally claimed that the judgment is excessive. The court erred in rendering judgment for interest upon the account. The plaintiff in the trial court, upon the petition and evidence, was not entitled to recover interest. The judgment will be modified by striking out the amount allowed for interest, so that the judgment as modified will be for $1337.32.

The judgment as modified is affirmed. The costs are equally divided.