## MILLER v. DOUGLAS COUNTY, Appellant.

**Division One, May 29, 1907.**

1. **COUNTY: Liability for Medicines and Medical Attention.** The county is not liable for medicines and medical attention furnished from time to time, at the request of the sheriff in some instances, and of the jailer in others and of the prosecuting attorney in still others, to prisoners confined in the county jail. When so furnished they are not furnished in pursuance to some contract with the county or with the agent of the county, and hence the county court is not authorized to pay them. But if necessary and are procured by the jailer, they might have been taxed as other costs in criminal cases.

2. **STATUTES: Priority: Revision.** A statute enacted long ago but subsequently re-enacted as a revised bill after the enactment of another statute, is a later legislative expression than such other statute enacted before the revision, and in so far as they conflict the revised statute has precedence.

Transferred from St. Louis Court of Appeals.

REVERSED.

*Fred Stewart* for appellant.

(1) The demurrer to the evidence should have been sustained; plaintiff himself testified that he had no contract in writing but relied on a verbal understanding with the judges of the county court when they were not in session. A county cannot be bound by this kind of contract. R. S. 1899, sec. 6759; Woolfolk v. Randolph Co., 83 Mo. 501; Heidelberg v. St. Francois

Co., 100 Mo. 69; Crutchfield v. Warrensburg, 30 Mo. App. 456. (2) Nor is a recovery authorized under section 1800, R. S. 1899, as said section refers to manual labor and not that of a professional nature. Woolfolk v. Randolph Co., 83 Mo. 505. (3) The county is not liable for medical services furnished prisoners confined in jail on charge of felonies unless the physician is employed by the year. R. S. 1899, sec. 8134. (4) The law will not make that valid without a writing which the law requires should be in writing; from a void contract no cause of action can arise, whether of *quantum meruit* or one sounding in damages. Crutchfield v. Warrensburg, 30 Mo. App. 456; Schell City v. Mfg. Co., 39 Mo. App. 264.

*J. S. Clarke* for respondent.

Section 8134, Revised Statutes 1899, provides that in case any prisoner confined in the jail and in the judgment of the jailer needs a physician or medicine, said jailer shall procure the necessary medicine or medical attention, etc., or the county court in their discretion may employ a physician by the year, etc. The record in this case shows that each of these claims were approved by the sheriff, who was during all this time ex-officio jailer, and services rendered by his order, and with an understanding between the county court, the sheriff and respondent, that respondent was to so treat the prisoners by order and request of the sheriff which he did, except the man Thomas, who died at the hotel, and who was a county charge, and not a prisoner. Respondent does not claim to have had a written contract with the county court, but outside of the above provision of the statute, if the county court knew, as they did, that there was no written employment of a physician by the year, still if they neglected to so employ one, and the prisoners needed medical attention, as in this case, the county would be liable for reasona-

ble charges for so treating them, when called by the jailer or any other citizen. The court well knew that respondent was treating the said prisoners, and so took advantage of his professional services, and are now estopped from the contention that they owe respondent nothing. If there was a contract, verbally, between the court and respondent and said court failed to enter same on its records, the failure so to do can not affect the rights of respondent, after he has performed his part of same, on the theory that there was no valid contract. Decker v. School District, 101 Mo. 115.

LAMM, J.—Plaintiff filed for allowance and payment, in the county court of Douglas county, an itemized claim for $116.55 for medical services and drugs furnished to divers prisoners confined in the jail of that county during the year 1902. That court refused to allow and pay the claim and plaintiff appealed to the circuit court, and, on trial anew with the aid of a jury, a judgment went in his favor for eighty-three dollars. Upon due preliminary steps, defendant county appealed to the St. Louis Court of Appeals. Subsequently, on a full transcript being lodged in that court, it handed down an order transferring the cause to this court under section 12 of article 6 of the Constitution, giving this court appellate jurisdiction in cases where a county or other political subdivision of the State is a party, and the cause came here.

Appellant's abstract is not constructed in obedience to the rules of this court, but the case having come to us from the St. Louis Court of Appeals and the rules of that court in that behalf being somewhat different from our own, as a matter of grace we heretofore overruled a motion to dismiss the appeal and now proceed to consider the case on its merits.

Plaintiff introduced evidence tending to show that from time to time, at the request of the sheriff in some

instances, and the request of the jailer in others, and of the prosecuting attorney in still others, he furnished to certain prisoners confined in the jail of Douglas county, to-wit: Weaver, Young, Riley, Hicks, Thomas and Walker, medicines and medical attendance of the reasonable value of the amount claimed. By other evidence he showed that, prior to rendering the services and furnishing the medicines sued for, he had furnished medicine and services under similar circumstances under some verbal arrangement with different members of the county court, which had been paid, and other evidence tending to show that he relied on this loose arrangement continuing to run and to cover the medicines and services in suit. It was shown there was no written contract between plaintiff and the county court. There was no evidence that plaintiff had been appointed county physician. There was evidence that the prisoners, or some of them, were confined on charges of murder, rape and other felonies. There was no evidence that the attendance upon and medicines furnished to any of these prisoners had been taxed as costs or allowed in fee bills and payment sought in that way.

At the close of the case defendant asked a peremptory instruction, which was refused, and exceptions were saved, and error is assigned in that ruling. Other errors are assigned; but in the view we take of the record before us, it would be idle to consider them.

Should defendant's peremptory instruction have been given? We think so, because:

By section 6759, Revised Statutes 1899, it is provided that: "No county . . . shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law; . . and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorizd by law and duly appointed and authorized in writing."

Manifestly plaintiff could not maintain his case under the authority of that section.

By section 1800, Revised Statutes 1899, it is provided that: "If a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceedings prescribed by law."

Said section, 1800, originated in 1863 (Laws 1863-4, p. 110, sec. 3) and appears under the caption of "Treasuries: County." It seems that section 6759, *supra*, became a law in 1874, and therefore once was a later legislative utterance than section 1800, *supra*. But section 1800 was subsequently re-enacted as a revised bill, while section 6759 has simply been collated and thus brought forward by the revision committee. [Bryson v. Johnson County, 100 Mo. l. c. 85.] Therefore, it was held in the case just cited that section 1800 is in fact now a later legislative expression than section 6759; and so far as there is any conflict between the two, section 1800 has precedence. But it is manifest that plaintiff's suit cannot be maintained under section 1800, for there was no contract entered into with the county authorities or with any agent of the county lawfully authorized, and lawful authority is a condition precedent to the making of a contract under that section, even if the section be construed broad enough to include professional labor and medicine—a construction doubted. [See Woolfolk v. Randolph County, 83 Mo. 501.]

By section 8134, Revised Statutes 1899, it is provided that: "In case any prisoner confined in the jail be sick, and, in the judgment of the jailer, needs a phy-

Miller v. Douglas Co.

sician or medicine, said jailer shall procure the necessary medicine or medical attention, the costs of which shall be taxed and paid as other costs in criminal cases; or the county court may, in their discretion, employ a physician by the year, to attend said prisoners, and make such reasonable charge for his services and medicine, when required, to be taxed and collected as aforesaid.''

That section is authority for a jailer to procure the necessary medicine or medical attention to a sick prisoner in his custody. But it is expressly provided that the costs of such medical attention and medicines "shall be taxed and paid as other costs in criminal cases." Costs in criminal cases are taxed by the proper officers, are certified by fee bills under the official oaths of prosecuting attorneys and judges of the various circuit courts, and are paid either by the county or by the State, as the case may be, on such certified fee bills. [See art. 15, chap. 16, R. S. 1899.] Manifestly plaintiff cannot recover under section 8134. That section further provides that the county court may employ a physician by the year; but plaintiff does not contend there was any such appointment.

Under no statute known to us can this suit be maintained, and the judgment is, therefore, reversed.

All concur.