# THE STATE ex rel. CITY OF CHILLICOTHE v. JOHN P. GORDON, State Auditor.

### In Banc, March 21, 1911.

1. **DEMURRER: Abandoned by Answer.** Defendant abandons his demurrer to the petition of plaintiff in mandamus, by filing his return to the alternative writ before the demurrer is passed upon.

2. **CITY BONDS: Assessment: Admitted by Return.** An averment in the return of the State Auditor in a suit to compel him to register city bonds, that there was an assessment for the proper year of the properties in the city in the sum of $1,520,000, which is not an allegation of new matter by way of defense, is an admission that there was a legal assessment.

3. **CONSTITUTIONAL LAW: Title: Omission of Powers Granted.** The title to an act authorizing a city to issue bonds for the construction of an electric light plant, which specifically undertakes to enumerate all the powers intended to be granted except "to maintain and operate," will not uphold an act which undertakes to authorize the city to "maintain and operate an electric light plant," and hence so much of the act as undertakes to authorize the city to issue bonds to maintain and operate the plant is unconstitutional.

4. **———: ———: ———: Bonds Valid Nevertheless: Other Statute.** But where there is nothing in the city's petition, nor in the ordinances under which the bonds were issued, to indicate the city's reliance upon that statute, and there exist other valid statutes to support the issue of said bonds, they will not be held to be invalid.

5. **———: Other Statute: Expression of Non-Existence: Emergency Clause.** A recital in the emergency clause of said invalid act that there exist no laws authorizing cities of the class to which relator belongs to issue bonds as therein provided, is a mere expression of belief of the non-existence of such a statute, and is not a repeal of a similar statute, if there was one.

6. **CITY BONDS: Special Charters: Valid Acts: Electric Light Plants.** There are valid statutes authorizing all cities of this State, including cities organized and existing under special charters, to issue bonds to construct, maintain and operate electric light plants. Sec. 9904, R. S. 1909, confers power upon all cities in the State to erect, maintain and construct electric

light plants; and Secs. 9544 to 9548, R. S. 1909, authorizes all cities of this State, with the consent of two-thirds of the qualified voters thereof, to incur indebtedness for any purpose authorized by any general law of the State; and those sections, taken together, are sufficient authority to the city to issue bonds to construct, maintain and operate an electric light plant.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Frank W. Ashby, O. L. Smith* and *Lewis A. Chapman* for relator.

(1)   It is claimed by the respondent that the Act of 1897, p. 49 (R. S. 1899, sec. 6275) is in part unconstitutional as being in contravention of section 28 of article 4 of the Constitution of Missouri. It is contended that the words "maintain and operate," found in the body of that act, should have been in the title of the act in order to authorize the city to issue bonds to construct, maintain and operate an electric light plant. We claim that said act is valid and constitutional and authorized the issue of bonds in this case. State ex rel. v. Allen, 178 Mo. 577; Haeussler v. St. Louis, 205 Mo. 656. (2) The Act of the Legislature, Laws 1897, p. 49, being Secs. 6273, 6275-6278, R. S. 1899, is constitutional, and authorizes cities like Chillicothe to issue bonds to maintain and operate, as well as construct, electric light plants. Outside of these sections of the law, there is authority for the issue of these bonds. We call attention to Sec. 6487, R. S. 1899, in connection with article 13 of chapter 91, R. S. 1899, being Section 6350, now Sec. 9544, R. S. 1909, and the sections following in that article. Section 6487 authorizes every city, town or village in this State to construct, maintain and operate electric light plants. The city having the power under this section, but not having the money, it could become indebted for that

purpose, by virtue of Sec. 6350 and the sections following in article 13 of chapter 91, R. S. 1899. Section 6350, R. S. 1899, provides that the various cities, towns and villages in this State, whether organized under a special charter or the general law, may contract a debt for any purpose authorized in the charter of said city, or by any general law of the State; the other sections provide for the election and issue of bonds. Evans v. McFarland, 186 Mo. 722; State ex rel. v. Gordon, 217 Mo. 213; Haeussler v. St. Louis, 205 Mo. 656; State ex rel. v. Wilder, 200 Mo. 97.

*Frank Sheetz & Son* and *Lathrop, Morrow, Fox & Moore* for respondent.

(1) The Act of 1897, page 49 (R. S. 1899, sec. 6275) is in part unconstitutional. Mo. Constitution, art. 4, sec. 28; State v. Wilder, 200 Mo. 97; State v. Fulks, 207 Mo. 206; State v. Great Western Co., 171 Mo. 634; St. Louis v. Wortman, 213 Mo. 131; Witzmann v. Railroad, 131 Mo. 612; State v. County Court, 102 Mo. 531; State v. Persinger, 76 Mo. 346; State v. Miller, 48 So. (Ala.) 496; Griffith v. Trenton, 69 Atl. (N. J.) 29; State v. King County, 96 Pac. (Wash.) 156. (2) Where a constitutional provision prescribes the method for computing the amount of indebtedness that a city may contract, that provision is mandatory and must be strictly adhered to. Mo. Constitution, art. 10, sec. 12; State ex rel. v. Francis, 88 Mo. 557; State ex rel. v. Mason, 77 Mo. 189; State ex rel. v. Marlow, 15 Oh. St. 114; Railroad v. Railroad, 149 Mo. 245; Railroad v. Apperson, 97 Mo. 300; Hannibal v. County Court, 15 Mo. 3; Life Association v. Assessors, 49 Mo. 512; State v. Meier, 72 Mo. App. 618; McKay v. Minner, 154 Mo. 608; Lapsley v. Merchants' Bank, 105 Mo. App. 98. (3) Special provisions of the statutes govern over the provisions of city

233 Sup.—25

charters and general provisions in the statutes. Ex parte Loving, 178 Mo. 194; State v. Police Commissioners, 184 Mo. 109; Ruschenberg v. Railway Company, 161 Mo. 70; State v. Kessels, 120 Mo. App. 233; State v. Binswanger, 122 Mo. App. 78; Gaston v. Lamkin, 115 Mo. 20. (4) Failure to properly authenticate the assessment lists as provided by the statutes invalidates the whole assessment. R. S. 1909, secs. 11392 and 11425; State v. Schooley, 84 Mo. 447; St. Louis v. Apperson, 97 Mo. 300; Burke v. Brown, 148 Mo. 309.

BROWN, J.—This is an original proceeding by mandamus to compel the respondent, as State Auditor, to register and certify a $50,000 bond issue of the city of Chillicothe, Missouri.

From the evidence taken before Hon. Homer Hall, special commissioner, and the admissions of the parties, we find that Chillicothe is a city organized under a special charter; has a population of 8000; an assessed valuation for the year 1908 of $1,520,000; and an outstanding bonded indebtedness of $15,000. On December 23, 1909, said city submitted to its qualified voters a proposition to increase its indebtedness by the issue of $50,000 of additional bonds, for the purpose of "constructing, maintaining and operating an electric light plant;" and more than two-thirds of the votes cast at the election to determine said proposition were in favor of said bond issue.

The special commissioner found that the bonds were legally issued, and recommended that a peremptory writ of mandamus issue to compel respondent to certify and register same.

Defendant filed a demurrer to plaintiff's petition, but abandoned same before it was passed upon by this court, by filing his return to the alternative writ. [State ex rel. McEntee v. Bright, 224 Mo. l. c. 524.]

Respondent in his return and also in his exceptions to the commissioner's finding of facts and conclusions of law, attacks the validity of the bonds on numerous grounds; but in his brief and oral argument before this court, relies solely upon the alleged invalidity of the assessment by the relator city for the year 1908, and the unconstitutionality of the law under which he alleges these bonds were issued.

Respondent's contention that there was no legal assessment of property in the city of Chillicothe for the year 1908 on which to base the bonds relator seeks to have registered, is without merit, because by his return he admits that there was an assessment for that year in the sum of $1,520,000. The recital in respondent's return that there was an assessment of the property in relator city for the year 1908 is not an allegation of new matter by way of defense to this action, and is not put in issue by relator's reply, and therefore it stands admitted by the pleadings. Relator's attempt to prove a larger assessment than $1,-520,000 did not waive respondent's admissions in his return to the alternative writ. The bonds outstanding, together with the proposed issue, aggregating only $65,000, amount to less than five per-cent of the taxable property of said city; and are safely within the limitation prescribed by section 12 of article 10 of our Constitution.

Respondent's second ground of attack on these bonds is that they were issued under the provisions of section 3 of an act of the General Assembly, found in the Laws of 1897, page 49, now section 9594, Revised Statutes 1909; and that said act is unconstitutional in so far as it attempts to authorize the relator to issue its bonds to "maintain and operate an electric light plant," because the title to said act does not purport to grant such powers. Upon inspection of said act (Laws of 1897, page 49), we find that the title thereto purports to specifically enumerate all the powers in-

tended to be granted, and as the words, "to maintain and operate" are not in such title, those powers are by necessary implication excluded. Hence, so much of said act as purports to grant power to issue bonds to maintain and operate an electric light plant are in conflict with sections 28 of article 4 of our Constitution, requiring the subject of each bill to be clearly expressed in its title. [State v. Great Western Coffee and Tea Company, 171 Mo. 634; State v. Fulks, 207 Mo. 26; State ex rel. v. Wilder, 200 Mo. 97; State v. Rawlings, 232 Mo. 544.]

If relator was bound to depend upon the aforesaid section 9594, Revised Statutes 1909, for its authority to issue the bonds sought to be registered we would be forced to deny the peremptory writ prayed for. However, there is nothing in relator's petition, nor the ordinances under which its bonds were issued, to indicate a reliance upon section 9594, supra; and if there exist other valid statutes to support the issue of said bonds, then such bonds should not be declared invalid. The act found in Laws of 1897 at page 49 contains an emergency clause with a recital that there then existed no law authorizing cities of the same class as relator to issue bonds as therein provided, but this was merely an expression of belief in the non-existence of any similar statute, and contains nothing indicating a legislative intent to repeal other laws on the same subject, if any such existed, and it did not have that effect. [State ex rel. v. Patterson, 207 Mo. 129; Tilford v. Ramsey, 43 Mo. 410, l. c. 419.]

By referring to Laws of 1891, page 67, now section 9904, Revised Statutes 1909, we find an act which confers power upon all cities in this State to erect, maintain and operate electric light plants. This last named act was amended in 1897, Laws of 1897, page 56, said amendatory act passing the General Assembly on the same day as the act which respondent is attacking, and both were duly approved by the Governor. The

amendatory act also expressly authorizes all cities in this State to erect, maintain and operate electric light plants, the title thereto being as follows: "An Act to amend an act entitled 'an Act to amend article 1 of chapter 31 of the Revised Statutes (1889) of Missouri, entitled "Cities and Towns, Miscellaneous Provisions and General Powers," by adding a new section thereto, to be numbered 1946a,' approved March 27, 1891."

This title is undoubtedly sufficient to legalize the grant of power to erect, maintain and operate an electric light plant, because that power was expressly conferred by the act of 1891, and a reference to that act in the title of the amendatory act constituted a sufficient title for the latter. [State ex rel. v. County Court, 128 Mo. 427; State ex rel. Kirkwood v. Heege, 135 Mo. l. c. 118.] We also note that article 1, chapter 31, of the Revised Statutes of 1889, referred to in this amendatory act, embraces sections 1765 and 1894, Revised Statutes 1889, which relate to the grant of powers to cities acting under special charters; so that by a careful review of the history of section 9904, Revised Statutes 1909, we are convinced that said section is a valid existing law, supported by a title which fulfills every requirement of the Constitution, and authorizes the relator to erect, maintain and operate an electric light plant. In the relator's ordinances under which its bonds were issued, the word "construct" is used instead of the word "erect;" but as the word "erect" means to construct, the difference in phraseology is wholly unimportant.

This brings us to the question of whether or not there was in the year 1909 a law authorizing the relator to issue its bonds to raise money to erect, maintain and operate an electric light plant, and we find this power fully conferred by sections 9544 to 9548, Revised Statutes 1909, authorizing all cities in this State, with the consent of two-thirds of the qualified

voters thereof, to incur indebtedness for any purpose authorized by any general law of the State. These sections were enacted in 1889, and we find by reference to the Laws of 1889, page 33, that they are supported by a title which likewise measures up to all requirements of the Constitution.

In its final analysis, this suit is almost precisely like the case of Haeussler v. City of St. Louis, 205 Mo. 656. There the city of St. Louis was authorized by a general law to build and maintain a bridge (205 Mo. 1. c. 675), but this general law granted no power to issue bonds for either the building of the bridge or the maintenance thereof; and the plaintiff Haeussler assailed the validity of bonds issued by the city of St. Louis, on the ground that it was not within the power of said city to incur indebtedness for the "maintenance" of a bridge. In that case plaintiff's plea was declared unsound, and the validity of the bonds was upheld under the provisions of sections 9544 to 9548, Revised Statutes 1909, supra.

Upon a full review of our laws and Constitution, we find that the bonds issued by relator are legal, and the recommendation of our special commissioner is adopted.

It is therefore ordered and adjudged that a peremptory writ of mandamus be awarded, commanding the respondent, as State Auditor, upon receipt of his legal fees, to register the bonds described in relator's petition and certify by indorsement thereon that all the laws of this State have been complied with in the issuance of said bonds.

Pursuant to stipulation filed in this cause, the costs of this proceeding are taxed against the People's Gas and Electric Light Company of the City of Chillicothe, Missouri.

All concur, except *Valliant, C. J.*, who is absent.