CITY OF DES MOINES, IOWA, v. WELSBACH STREET LIGHTING CO. OF DELAWARE.

(Circuit Court of Appeals, Eighth Circuit. May 20, 1911.)

No. 3,407.

1. MUNICIPAL CORPORATIONS (§ 248*)—CONTRACTS—ESTOPPEL.

In respect to its business powers, a city is subject to the application of the doctrine of estoppel the same as an individual or private corporation, and a business contract, which is within the scope of the powers of the city to make, but illegal because entered into in an irregular manner, when it has been fully executed by the other party, and the city has received and accepted the full benefit of it, and cannot restore what it has received, is enforceable; the city being estopped to set up its irregular execution.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 684–686; Dec. Dig. § 248.*]

2. GAS (§ 12*)—SUPPLY TO MUNICIPALITY—CONTRACTS—VALIDITY.

An ordinance fixing the price per year to be paid by the city for street lamps, which was amended so as to apply only to a contract between the city and a gas company and reserving the right to the city to contract for street lighting with others, did not impose any limitation upon the city in respect to the price it might pay under such a future contract.

[Ed. Note.—For other cases, see Gas, Cent. Dig. § 4; Dec. Dig. § 12.*]

3. GAS (§ 12*)—CONTRACT BY A CITY FOR STREET LIGHTING—"FRANCHISE."

A contract by which a company agreed to erect and maintain lamp posts and fixtures to light the streets of a city for a term of 10 years was not the grant of a franchise by the city.

[Ed. Note.—For other cases, see Gas, Cent. Dig. § 4; Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 3, pp. 2929–2942; vol. 8, p. 7666.]

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Action at law by the Welsbach Street Lighting Company of Delaware against the City of Des Moines of the state of Iowa. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert O. Brennan (J. M. Parsons, on the brief), for plaintiff in error.

N. T. Guernsey (Alonzo C. Parker and William E. Miller, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. On the 2d day of April, 1904, the city of Des Moines and the Welsbach Street Lighting Company entered into a written contract, by the terms of which said Welsbach Street Lighting Company agreed to furnish to the city of Des Moines improved Welsbach street lights according to specifications stated for the term of 10 years from and after the 1st day of May, 1904. The Welsbach Street Lighting Company was to furnish and erect at its own cost and expense first-class iron posts and boulevard lanterns and keep the same in good repair, and to place t̶ ·eon

its improved attachments for the Welsbach system of street lighting, and to furnish at its own cost and expense all mantels, aluminum material, and labor to be used in lighting, extinguishing, cleaning, and repairing said lamps and fixtures. The lamps were to be placed and maintained in such locations along the lines of the gas mains in the street and thoroughfares of the city of Des Moines as should be directed by the board of public works of said city, and should be not less than 800 in number and as many more as should be ordered by said party of the first part. In consideration of which the city agreed to pay to said lighting company $22 per lamp per year, payable monthly as the service was performed. The Welsbach Street Lighting Company fully performed the contract upon its part, installed and maintained such lamps in addition to the 800 as were directed by the board of public works until on January 1, 1908, there were so installed and maintained 1,117 and on January 1, 1909, 1,133. The city made payments according to the terms of the contract until the 1st day of May, 1908, when it ceased to make payments, and the lighting company brought this action in the Circuit Court to recover the monthly payments for the months of May, June, July, August, and September, 1908.

The city defended the action upon three grounds: (1) That the contract was invalid for the reason that it was entered into without first advertising for bids; (2) that it was invalid as there was in existence, at the time that the contract was entered into, an ordinance of the city of Des Moines, fixing rates which the city should pay for street lighting at a less sum than that agreed upon in the contract; and (3) that the contract in question was the grant of a franchise to the Lighting Company which the city was not authorized to grant excepting upon a vote by the people.

A jury was waived and the cause tried to the court upon an agreed statement of facts and judgment rendered for plaintiff, from which judgment the city prosecutes error.

The several provisions of the statute (Code of 1897) claimed as applicable to a consideration of this case are the following:

"Sec. 867. Bids. It shall advertise for bids and make all contracts on behalf of the city for all work, and for material and work for public improvements in excess of two hundred dollars, whenever the same shall be ordered by the council or voted for at any election. Proposals for bids shall be published once each week for two weeks in two of the daily newspapers therein, which shall be completed at least two weeks before the making of any contract, which proposals shall state the amount and kinds of material to be furnished, the kind of improvement, and the time and conditions upon which bids will be received, all of which may be rejected. All contracts shall be made with the lowest responsible bidder, but it shall not be necessary before proposals are published or bids received to determine specifically the kind of material to be used. All contracts made by said board shall be subject to the approval of the council."

"Sec. 869. Superintend lighting. It shall advertise for bids and make contracts for the lighting of the streets, alleys, public grounds and buildings, and shall have entire control, management and direction of the lamps, lights, lighting material and persons charged with the care thereof."

Manifestly the contract in question was not one of those contemplated in section 867 (City of Vincennes v. Citizens' Gas Light Co.,

132 Ind. 114, 31 N. E. 573, 16 L. R. A. 485), but is controlled entirely by section 869.

[1] As the contract was entered into without previous advertising for bids, the first question presented for consideration is, Was the contract, by reason thereof, ultra vires in the sense that it had no vitality? It must be conceded as a correct proposition of law that contracts entered into by a municipality, which are beyond and outside of the scope of the city's authority, are ultra vires and nonenforceable. To enter into a contract for lighting the streets, alleys, public grounds, and buildings of the city was a power expressly granted to the city by section 869. In entering into such contract the city was exercising its business powers as distinguished from governmental. In respect to its business powers a municipality is subject to the same application of the doctrine of estoppel as an individual or private corporation. Illinois Trust & Savings Bank v. City of Arkansas City, 76 Fed. 271, 22 C. C. A. 171, 34 L. R. A. 518. The complaint made of the contract in question is not that it was one beyond the scope and power of the city to enter into, but that it was not entered into in the manner prescribed by law. A business contract, which is within the scope of the powers of the city to make but illegal because entered into in an irregular manner, when fully executed by one party and the city has received and accepted the full benefit of the contract and cannot restore what it has received, is enforceable, the city being estopped to assert the irregular execution when the ends of justice would thereby be defeated. Westbrook v. Middlecoff, 99 Ill. App. 327; Drainage Commissioners v. Lewis, 101 Ill. App. 150; Rogers v. Omaha, 76 Neb. 187, 107 N. W. 214; Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271, 13 L. R. A. (N. S.) 793, 120 Am. St. Rep. 621; Moore v. Ramsey County, 104 Minn. 30, 115 N. W. 750; Coit v. City of Grand Rapids, 115 Mich. 493, 73 N. W. 811; City of Kansas City v. Wyandotte Gas Co. 9 Kan. App. 325, 61 Pac. 317; Illinois Trust & Savings Bank v. City of Arkansas City, supra.

[2] It appears from the agreed statement of facts that the city council of Des Moines, in May, 1895, passed an ordinance entitled:

"An ordinance to fix the price of illuminating gas and to prescribe the conditions under which persons and corporations dealing in illuminating gas can occupy and use the streets and alleys of the city of Des Moines."

The first section of the ordinance fixed the price of gas furnished to the inhabitants of the city. The second section fixed the price for street lamps at $17 per year. This ordinance was amended in February, 1896, so as to constitute a contract with the Capital City Gaslight Company, and fixed the price which such company should charge to the inhabitants of the city, and also fixed the price for street lamps at $18 per year until the total number reached five hundred. After the total number reached 500, $17 per lamp per year. Section 6 of this amended ordinance contained this provision:

"This amendment shall not be construed as conferring upon the Capital City Gaslight Company an exclusive right for any period of time to furnish gas to said city or to private consumers, nor to limit or restrain the city or such private consumers from purchasing gas from any other gas company upon such terms as may be agreed upon or may be fixed by legal authority;

nor to limit the city of Des Moines from purchasing from any other company, person or persons, or from at any time constructing gas, electric light or any other works that may be adapted to the purpose, either in its own name or through the instrumentality of trustees, or in any other manner, for the purpose of lighting its streets and of supplying the city and its citizens with light, fuel or power."

While the original ordinance was general in its terms, by the amendment it was made to apply to its contract arrangement with the Capital City Gaslight Company, and expressly reserved to itself the right to contract in the future with other parties upon such terms as it could agree upon for the lighting of its streets. Hence such ordinance fixing the price at which the Capital City Gaslight Company should charge for street lamps has no application to the contract under consideration. The city did not thereby disarm itself from subsequently entering into a new contract with other parties upon other and different terms.

[3] The contract in question clearly was not the grant of a franchise. McPhee & McGinnity Co. v. U. P. R. Co., 158 Fed. 5, 16, 17, 18, 87 C. C. A. 619.

The judgment is affirmed.