CITY WATER CO. OF CHILLICOTHE v. CITY OF CHILLICOTHE, MO.

(District Court, W. D. Missouri, W. D.    May 1, 1912.)

No. 3,752.

1. WATERS AND WATER COURSES (§ 200*)—MUNICIPAL WATER SUPPLY—CONTRACTS—STATUTES—APPLICATION.

Rev. St. Mo. 1909, § 3368, which is a part of article 7, relating to manufacturing and business corporations, provides that the municipal authorities of any city are authorized to contract with any such corporations for lighting or supplying with water the streets and public places of the city for a length of time which shall be agreed on, not exceeding 20 years, and that the provisions of the section should apply to all cities, towns, and villages, whether organized by special charter or under the laws of the state, provisions of any special charter to the contrary notwithstanding, provided that contracts entered into under such section should have no legal form until submitted to a referendum vote and ratified by a two-thirds majority of the legal votes polled at election. *Held*, that such section did not confer power on the city to contract with bodies corporate other than therein named, nor with natural persons, and had no application to a contract between a city and certain individuals to whom a waterworks franchise had been granted to furnish water to the city in consideration of a payment of certain hydrant rentals without

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any limitation as to time, though it was the purpose of the individuals with whom the contract was made to transfer their rights to a corporation to be formed for that purpose.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 274; Dec. Dig. § 200.*]

2. WATERS AND WATER COURSES (§ 203*)—PURCHASE OF SUPPLIES—ORDER—ABSENCE OF CONTRACT—CITY'S LIABILITY.

Rev. St. Mo. 1909, § 2778, provides that no city shall make a contract unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made on a consideration wholly to be performed or executed subsequent to the making of the contract, and the contract including the consideration shall be in writing and dated when made subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing. *Held* that, under such section as construed by the Missouri Supreme Court, a city, in the absence of a written contract, could not be made liable for the reasonable value of water furnished to and used by it.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 289, 290–299; Dec. Dig. § 203.*]

In Equity. Suit by the City Water Company of Chillicothe against the City of Chillicothe, Mo. On demurrer to petition. Sustained in part and overruled in part.

Harkless, Crysler & Histed, for plaintiff.
John H. Taylor, for defendant.

POLLOCK, District Judge. The facts are: On October 16, 1886, a contract was entered into by Ordinance No. 257 between the city and Henry C. Comegys and Jared E. Lewis for the construction therein of a system of waterworks, and the furnishing to the city through fire hydrants located thereon a supply of water for the extinguishment of fires, and other purposes, on the terms and conditions specified therein. This contract provided in relation to the furnishing and payment for fire hydrant service furnished for the use of the city, as follows:

"The said city of Chillicothe, Missouri, agrees to pay the said Comegys and Lewis, their assigns and successors, an annual rental of thirty-five dollars for each of said first ninety hydrants set, erected and put in use as aforesaid, and further agrees to pay an annual rental of thirty dollars for each hydrant placed and put in use upon the extension of mains which may be ordered laid by said city of Chillicothe said extension to be at the rate of ten (10) fire hydrants to each mile of said pipes so laid, and located at such points as the city authorities may determine; all of the said rental to be paid in equal semiannual payments in the full term as hereinbefore specified; Provided, that said works shall have been previous thereto fully tested and approved by the proper authorities of said city or its engineer. And the city shall have the right to establish thirty-five (35) additional hydrants within the system provided for in this ordinance, on payment of the costs thereof and connection, which said hydrants shall be free of any rental charges."

The purpose of the ordinance, and the time for which the franchise was to extend, as stated in the first section thereof, reads as follows:

"To grant to Comegys and Lewis, their assigns and successors, the right and franchise to construct, maintain and operate waterworks in said city of Chillicothe for public and private supply of water within said city for the period of twenty years."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

After this contract was entered into, the grantees of the franchise and contract rights, Comegys and Lewis, sold, assigned, and transferred all their rights, title, and interest under the ordinance to plaintiff in this action. A waterworks system was constructed under the terms of the contract, and in compliance with its provisions, and there were thereon located from time to time thereafter 134 fire hydrants through which water service was furnished by plaintiff to the city. For the use of 90 of such fire hydrants first located under the terms of the contract the plaintiff was to receive from the city $35 per annum, payable semiannually, and for the remaining four it was to receive $30 per annum, payable in the same manner. For the term of 20 years from the date the contract became effective between the parties, the city accepted performance of the service so contracted and paid for the same. After that date, however, although the city accepted performance of the service from plaintiff, it has refused to pay for the same at the price stipulated in the contract or the reasonable value of the service performed. This action in two counts was brought by plaintiff to recover the value of the service so performed by the city for the semiannual periods occurring from October 16, 1906, to September 30, 1911. The first count of the petition is based on the contract, and judgment is demanded for the amounts specified in the contract to be paid semiannually. The second count is based on the reasonable value of the service performed by plaintiff for the city in which the contract price is alleged to be the reasonable value.

Defendant has interposed a demurrer to this petition which has been presented and stands submitted for decision. The contention of the defendant is it is not liable to plaintiff on the contract pleaded in the first count, for that contract was fully completed, and ended before any portion of the service for which recovery is sought was performed. As to the second count, defendant denies its liability on the ground under the statute law of the state, a municipal corporation, such as defendant, cannot be maintained liable in any case for goods furnished or services performed for its benefit in the absence of an express contract in writing subscribed by the parties and entered into in accordance with the provisions of the statute.

[1] The statute relied upon by defendant to show a complete termination and fulfillment of the contract between the parties before any part of the cause of action presented in this case arose reads as follows:

"The municipal authorities of any city, town or village are authorized to contract with any such corporation for the lighting by gas, electricity, or supplying with water the streets, lanes, alleys, squares and public places in any such city, town or village. The municipal authorities of any city, town or village in which any water company shall be organized under this article, may contract with any such company for the purpose of supplying with water streets, lanes, alleys, squares and public places in any such town or village for a length of time which shall be agreed upon between such city, town or village and such company for a term not exceeding twenty years; and the provisions of this section shall apply to all cities, towns and villages in this state whether organized by special charter or under the laws of the state, any provisions in any special charter of any city, town or village in the state to the contrary notwithstanding: Provided that contracts entered into under the provisions of this section shall have no legal form until the same shall be

submitted to a vote of the qualified voters at a general or special election of such city, town or village and shall be ratified by a two-thirds majority of the legal votes polled at said election." Section 3368, R. S. 1909.

That section of the statute law of the state which defendant contends precludes all legal liability on its part for the reasonable value of the service performed by the plaintiff for its benefit reads as follows:

"No county, city, town, village, school township, school district, or other municipal corporation shall make a contract unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made and shall be subscribed by the parties thereto or their agents authorized by law and duly appointed and authorized in writing." Section 2778, R. S. 1909.

In so far as the right of action based on the written contract is concerned, there can be but little doubt, if the provisions of section No. 3368 above quoted are applicable to the facts of this case, it was beyond the power of the city to bind itself by a contract extending more than 20 years; therefore, the demurrer to the first count should be sustained.

However, it is the contention of plaintiff the provisions of said section are inapplicable to the facts of this case, for the reason the operation of said section is by its express terms confined and limited to contracts made by a municipality therein named with such corporations as are therein designated, and as the contract in this case was made between the city and individuals, and was not made by the city with a corporate citizen, such as is named in the statute, the act is inapplicable. By reference to the statutes of the state, it is found said section forms a part of article 7, relating to manufacturing and business corporations. From a reading of the section itself it is seen the Legislature of the state did not undertake to confer any general power on the municipalities therein named to contract, but, on the contrary, restricted the exercise of the contracting power thereby conferred not only to the subjects of light and water, but, again, as to persons with whom contracts for the purposes named might be entered into, namely, with such corporate bodies as were in contemplation by the Legislature when the act was passed; that is to say, such manufacturing and business corporations, as should be incorporated under the provisions of the act doing business within the limits of the municipalities had been created under general or special provisions of the law. With such domestic corporations so created the municipalities named in the act are granted full power to contract in the manner therein specified for a supply of water and gas or electric light for the limited term of 20 years, and no longer. Under repeated adjudications, it must be held said act by its express terms neither conferred power on the city to contract with bodies corporate other than therein named, nor with natural persons, such as was done in the case at bar. In other words, that the provisions of said act are without application to the facts of this case. Santa Anna Water Co. v. Town of San Beunaventura (C. C.) 56 Fed. 339; Los Angeles City Water Co. v. City of Los

Angeles (C. C.) 88 Fed. 720; Manhattan Trust Co. v. City of Dayton, 59 Fed. 327, 8 C. C. A. 140; City of Des Moines v. Welsbach Street Lighting Co., 188 Fed. 906, 110 C. C. A. 540; Tiller v. St. Louis & S. F. R. Co. (C. C.) 189 Fed. 994. And this is further true, although it may have been the 'intent of the individual with whom the contract was made by the city at the time it was entered into to transfer all their rights thereunder to the plaintiff, which was accordingly done. See Los Angeles City Water Co. v. City of Los Angeles, supra. If, therefore, it be true, as contended by plaintiff in argument, the foregoing section of statute law of the state is the only provision bearing on the question of the length of time for which a city was authorized by contract to bind itself, it is clear to my mind that question stands wholly uncontrolled by any provision of statutory law of the state.

As the question of the validity of the contract between the parties when entered into for want of power on the part of the city is not presented, but is apparently conceded, both in argument and by the conduct of the city in keeping and performing it for a period of 20 years, that question need not here be considered.

While it is true the franchise rights granted by the ordinance to the persons therein named are limited to a term of 20 years, such rights were granted by the city in its governmental capacity, and not in the private or proprietary capacity in which it was acting when contracting for a necessary supply of water for city purposes. See Illinois Trust & Savings Bank v. City of Arkansas City, 76 Fed. 271, 22 C. C. A. 171, 34 L. R. A. 518. Therefore, as the contract in express terms, or by necessary implication, contains no time limit on its obligations, and, as has been seen, the provision of statutory law relied upon by defendant has no application thereto, assuming the city in the discharge of its private business affairs possessed the power of making a contract with the individuals named therein for the performance of the service of furnishing it a supply of water through the fire hydrants in question for a reasonable length of time, considering all the facts and circumstances of the case, including the needs of the city, its ability to procure its needed supply from another source, the fact it has taken no steps to terminate the existing relation between it and plaintiff, but, on the contrary, has accepted performance from plaintiff as tendered by it under the form of the contract, I am of the opinion the court may not as a matter of law declare on the demurrer presented the city is not bound by the terms of the contract presented by plaintiff for payment of the service performed by the plaintiff and received by defendant as the basis of its first cause of action. The demurrer to the first cause of action is therefore overruled and denied.

[2] Coming now to a consideration of the demurrer to the second count of the petition by which the reasonable value of the service performed by plaintiff for the city is sought to be recovered, it may be observed, it is unquestionably the general rule, as applied in most jurisdictions, in case goods have been furnished or services performed for a municipality at its special instance and request, and, as in this case there exists a law of the state prescribing the form and manner municipalities are empowered to bind themselves by contract, which has not been observed, hence the contract attempted to be entered into

by the parties is void and nonenforceable in law. There being no contract, the law will imply one on the part of the municipality to pay the reasonable value of that received, and on this implied contract a recovery may be had. This is also the general rule in case goods have been furnished or services performed without any attempt of the parties to contract with relation thereto. However, the question here presented is not what is that rule supported by the greater weight of authority, but, what is the rule in this state as announced by its highest judicial tribunal before plaintiff commenced furnishing the water service to the city for which it seeks a recovery. Counsel for plaintiff quite ingeniously and plausibly argue the statute above quoted has relation alone to those cases in which the parties have attempted to contract and have failed in such attempt, and that it has no application whatever to those cases in which no attempt has been made by the parties to contract, as in this case, if it be conceded the contract between the parties had been fully performed, completed, and terminated before the date of the performance of the service sought to be recovered begun. Whatever of logic there may be in this contention, or what construction this court might place on the statute in question as an independent proposition in the absence of authoritative decisions from the Supreme Court, is aside from the inquiry now to be made, for the statute by a long and unbroken current of decisions from the courts of this state has been construed, and that construction is binding here. That construction, as I read the adjudicated cases, is against the general rule as above announced, and is to the effect, in order to bind a municipality, such as defendant city, to the payment of goods furnished or services performed for it, although at its special instance and request, a contract binding it to such payment must be entered into in substantial compliance with the provisions of the statute, and, in the absence of such contract, no recovery may be had. In other words, the holding is this: If the statute has been disregarded by the parties, the law will leave them where they have placed themselves, and will imply no contract to pay on the part of the municipality. Wolcott v. Lawrence County, 26 Mo. 272; Johnson v. School District, 67 Mo. 319; Savage v. Springfield, 83 Mo. App. 323; Woolfolk v. Randolph County, 83 Mo. 501; Keating v. City, 84 Mo. 419; Heidelberg v. St. Francois County, 100 Mo. 69, 12 S. W. 914; Anderson v. Ripley County, 181 Mo. 57, 80 S. W. 263; Phillips v. Butler County, 187 Mo. 698, 86 S. W. 231; Morrow v. Pike County, 189 Mo. 610, 88 S. W. 99; Miller v. Douglas County, 204 Mo. 194, 102 S. W. 996; Seaman v. Levee District, 219 Mo. 32, 117 S. W. 1084; State ex rel. City of Chillicothe v. Gordon, 233 Mo. 383, 135 S. W. 929; Crutchfield v. Warrensburg, 30 Mo. App. 456; Schell City v. L. M. Rumsey Mfg. Co., 39 Mo. App. 264; Perkins v. School District, 99 Mo. App. 483, 74 S. W. 122. It was the hardship necessarily attending on the application of the rule adopted by the courts of this state which impelled the Supreme Court to say in the case of Seaman v. Levee District, supra, the conclusion reached is contrary "to the overwhelming weight of authority," but it is noticeable in that case the court followed the established rule, did not change it.

It follows, in the face of the positive statute of the state relating to contracts by municipalities, above quoted, as construed by the highest judicial tribunal of the state, no recovery can be had based on the reasonable value of the service performed; therefore, the demurrer to the second count of the petition must be sustained. It is so ordered.

It is further ordered defendant may plead to the first count of the petition, if so advised by its counsel, within 20 days from this date.

It is further ordered plaintiff, if so advised by its counsel, may amend the second count of the petition within 20 days from this date.