Dear Mr. Moseley:
This is in response to a request for an opinion of this office as follows:
 1. Are costs of medical treatment provided to an inmate who is confined in the Boone County jail, the responsibility of the county or inmate:
a. if the inmate is solvent?
b. if the inmate is insolvent?
 2. What costs of incarceration may be charged against an inmate convicted of a misdemeanor or felony and sentenced to the Boone County Jail?
 3. May the Sheriff of Boone County hold property on the person of an inmate at the time of arrest until such times as the inmate pays for the costs of his incarceration?
 4. What legal remedies are available to the County to collect the costs of incarceration, of an inmate of the Boone County Jail?
It should be noted at the outset that this opinion refers only to prisoners being held pending a criminal trial.
In response to your first question, our Opinion No. 21-82 concluded that counties generally must provide necessary medical care for persons in their legal custody. That opinion did not answer the question of ultimate responsibility for payment to the provider of such medical services.
Section 550.010, RSMo 1978, provides:
 Whenever any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs, and no costs incurred on his part, except fees for the cost of incarceration,
including a reasonable sum to cover occupancy costs, shall be paid by the state or county. [Emphasis added]
Section 550.020.1, RSMo 1978, provides:
 In all capital cases in which the defendant shall be convicted, and in all cases in which the defendant shall be sentenced to imprisonment in the penitentiary, and in cases where such person is convicted of an offense punishable solely by imprisonment in the penitentiary and is sentenced to imprisonment in the county jail, workhouse or reform school because such person is under the age of eighteen years, the state shall pay the costs, if the defendant shall be unable to pay them, except costs incurred on behalf of defendant.
[Emphasis added]
Section 550.030, RSMo 1978, provides:
 When the defendant is sentenced to imprisonment in the county jail, or to pay a fine, or both, and is unable to pay the costs, the county in which the indictment was found or information filed shall pay the costs, except such as were incurred on the part of the defendant.
[Emphasis added]
In our Opinion Letter No. 8-70, this office concluded that medical expenses incurred on behalf of a prisoner are not costs of prosecution and cannot be taxed against the state or the county as costs. We also concluded in that opinion that the county court has authority to provide for the payment of medical expenses incurred by indigent county prisoners.
There being no statutory provision for the payment of medical expenses of one incarcerated in a county jail by the state or the county, the resolution of questions relating to the county's responsibility to the provider of medical services is entirely dependent upon the facts of each case. As we have said, the county has authority to provide medical care for its indigents. Whether the county has legally assumed responsibility for the payment of medical expenses with respect to any particular indigent prisoner is a question of fact. Thus, if the county has contracted with a medical care provider to provide medical care to the prisoner at the time the medical services were rendered, the county, by its contract, is liable in the event the prisoner does not make payment. As we noted in Opinion No. 8-70, it is our view generally that if the prisoner is solvent, he is ultimately responsible for payment.
In answer to your second question, it is our view that Section221.070, RSMo 1978, provides the answer:
 Every person who shall be committed to the common jail within any county in this state, by lawful authority, for any offense or misdemeanor, if he shall be convicted thereof, shall bear the expense of carrying him or her to said jail, and also his or her support while in jail,
before he or she shall be discharged; and the property of such person shall be subjected to the payment of such expenses, and shall be bound therefor, from the time of his commitment, and may be levied on and sold, from time to time, under the order of the court having criminal jurisdiction in the county, to satisfy such expenses. [Emphasis added]
In answer to your third question, we know of no statute which gives the sheriff a lien upon property of an inmate. We do not believe that Section 221.070 provides for such a lien. Although the provisions of Section 221.070 have been in effect since Missouri was admitted to the Union we find no court cases construing such provisions. However, in light of the holding of the United States Supreme Court in Fuentes v. Shevin, 92 S.Ct. 1983, 407 U.S. 67,32 L.Ed.2d 556 (1972), respecting procedural due process, it is our view that the sheriff has no authority to hold an inmate's property until such payment is made. In such a situation the convicted inmate's property should be levied on pursuant to Section 221.070. For the taxation of medical costs against the prisoner, see Section221.120, RSMo 1978.
In answer to your fourth question, we are of the view that Section 221.070, quoted above, clearly sets out the legal steps which should be taken to collect costs of incarceration from a prisoner.
Insofar as medical care is concerned, we have previously concluded with respect to the liability of the State of Missouri that the state is not liable for the medical expenses to which you refer. The state is only responsible for costs as provided in Section 550.020, RSMo 1978. We note that for the last fifty years the Attorney General's Office has taken a consistent stand on the question of taxation of medical costs. It has been suggested that these opinions should be withdrawn in favor of a holding that such medical costs are to be taxed as costs and paid by the state underMiller v. Douglas County, 102 S.W. 996 (Mo. 1907). In that case, by dicta, the court stated that the provisions of Section 221.120
would authorize the payment by the state or the county of medical costs taxed as costs under such section. However, in our Opinion No. 31-65, this office distinguished the case of Miller v. DouglasCounty. We believe Opinion No. 31-65 remains a proper interpretation of the law.
As we have noted on previous occasions, legislative clarification of the entire subject of criminal costs would be welcomed by this office.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Opinion No. 21-82 Opinion No. 8-70 Opinion No. 31-65