TOWN OF NEW ATHENS

*v.*

C. W. THOMAS *et al.*

| 82 | 259 |
|----|-----|
| 159 | 174 |
| 82 | 259 |
| 55a | 563 |
| 82 | 259 |
| 78a | 549 |
| 82 | 259 |
| 97a | 1659 |

1. CORPORATIONS—*bound by implied contracts.* Corporations can be bound by contracts made by their agents, though not under seal, and also on implied contracts, to be deduced, by inference, from corporate acts, without either a vote or deed in writing.

2. Where attorneys, at the request of a town council, addressed a meeting of the citizens, and explained the terms upon which the holders of bonds of the town proposed to cancel them, which proposition was accepted by the meeting, and the attorneys directed to prepare an ordinance for the purpose of consummating the settlement, which they did, and the town council afterwards adopted the ordinance, and the bonds were taken up in

pursuance thereof, and the whole matter adjusted with the assistance of the attorneys, it was *held*, they were entitled to recover pay from the town for their services.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KŒRNER & TURNER, for the appellant.

Mr. R. A. HALBERT, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by C. W. & E. L. Thomas, a law firm, in the circuit court of St. Clair county, against the town of New Athens, to recover for professional services claimed to have been rendered for the town, whereby it was released from a bonded indebtedness of $40,000, under a compromise effected by the plaintiffs with the creditors of the town.

A trial of the issue involved, before a jury, resulted in a verdict and judgment in favor of the plaintiffs, for $1000, to reverse which, the town has taken this appeal.

It is not claimed that the court failed to properly instruct the jury in relation to the law involved, or that error occurred in the admission or exclusion of evidence, but the only ground of error relied upon is, that the verdict was not warranted by the evidence.

Appellant does not deny that the services were rendered, nor is the amount charged a question controverted, but the town claims that appellees were not employed by the town in its corporate capacity, to render the services.

It is true, in the first instance appellees were employed by certain citizens and tax-payers of the town to institute proceedings to test the legality of the bonds, and a written contract in regard to the fees to be paid appellees for services was executed by the parties.

Under this contract certain suits were commenced and prosecuted, and while the litigation resulted in favor of the town, yet the desired object was not attained.

Other suits were contemplated, but in the meantime appellees received propositions from the bondholders for a compromise. At the request of the president of the town, appellees, at a public meeting composed of the citizens of the town, addressed the meeting, and fully explained the proposition that the bondholders were willing to accept, in lieu of the bonds then held for $50,000, bonds to be issued in the sum of $10,000.

At this meeting, the proposition was accepted, and appellees were directed to prepare an ordinance, to be adopted by the town, to carry out the proposed settlement.

The ordinance was prepared, and adopted by the legislative department of the town. A vote of the people was had, under the ordinance prepared, and the whole matter was adjusted.

After the compromise was concluded, the common council of the town passed an ordinance allowing appellees $500 for their services. This they declined to accept in full, but instituted this suit to recover the value of the services rendered.

The usual manner in which a city or incorporated town contracts or binds itself for the payment of money for labor or services rendered, is by ordinance or resolution adopted by the common council of the incorporation.

In other words, an incorporated town speaks, acts and becomes bound for the performance of obligations, by its ordinances or resolutions adopted by the legislative branch of the incorporation.

But Chancellor KENT, in his Commentaries, Vol. 2, sec. 291, in discussing the manner in which corporations may contract, says: "That corporations can now be bound by contracts made by their agents, though not under seal, and also on implied contracts, to be deduced, by inference, from corporate acts, without either a vote, or deed, or writing, is a doctrine generally established in the courts of the several States, with great clearness and solidity of argument."

· To the same effect is *Peterson* v. *The Mayor of New York*, 17 N. Y. 449, and the cases there cited. ·

It is not claimed but the common council of the town had ample power to employ appellees by adopting a resolution for that.purpose, nor is it claimed that the services rendered were not in the interest of, and greatly for the benefit of the town.

Assuming, then, that the town had power to employ counsel, and that the services were in fact rendered, and that the town availed itself of the benefit of the services of appellees in the adjustment of its indebtedness with the bondholders, the inquiry then is, whether the acts of the town proven in evidence were sufficient to establish the fact that the employment and services rendered were ratified by the town in its corporate capacity.

The address delivered to the citizens of the town by appellees was made by request of the town council, through its president. The ordinance under which the compromise was effected was drafted by appellees by request of the president of the town, and adopted by the common council. Indeed, each and every step taken by appellees in the adjustment of the matter in controversy, was with the full knowledge, approbation and consent of the president and common council of the town.

Can the town now be heard to say, after it has received the benefit of appellees' labor and skill in its behalf, and after it has recognized the employment by various corporate acts, that appellees were not employed?

To so hold, would neither be just nor in harmony with the current of authority on the subject.

We are satisfied the various acts of the town, from the time the negotiation for a settlement commenced, until it was finally consummated, may be regarded as a sufficient ratification of the employment to authorize the verdict of the jury.

In the prosecution of the suits, appellees were acting under the contract of employment entered into by certain citizens; but after the suits were terminated, and the negotiations for a compromise commenced, appellees, in their evidence, expressly state they were acting for the town, and these were the services for which a recovery was had.

So far as the record shows, the questions involved were fairly submitted to the jury, and we perceive no sufficient reason to disturb the judgment, and it will therefore be affirmed.

*Judgment affirmed.*