## CITY OF BRYAN v. PAGE & SIMS.

MUNICIPAL CORPORATIONS—CONTRACT.—The charter of the city of Bryan provides for the exercise by ordinance of the power to employ legal counsel "for the assistance of the common council, and to prosecute in behalf of the corporation in criminal cases, and to institute and defend civil suits in their behalf." In the absence of an ordinance providing for the exercise of this power, the mayor of the city employed attorneys to give a legal opinion touching matters involving the interests of the city, which was afterwards read at a meeting of the council, in connection with other opinions, and acted on. In a suit against the city by the attorneys for professional services: *Held*—

1. The power of the city being limited by the charter, it could not make a valid contract except in pursuance of an ordinance.

2. The city could not be bound by an implied contract.

3. The subsequent use made of the opinion by the common council created no legal obligation on the city.

4. The attorneys were bound to know the limitations on the authority of the city officials, and rendered the service at their own hazard.

APPEAL from Brazos. Tried below before the Hon. Spencer Ford.

The opinion states the case.

*John N. Henderson,* for appellant.

I. The court erred in rendering its judgment for plaintiffs,

the plaintiffs offering no ordinance authorizing the contract by the mayor, or ratifying such a contract. (Charter of City of Bryan, Special Laws 12th Leg., 2d Sess., p. 121; Marsh *v.* Fulton County, 10 Wall., 677; Cooley's Const. Lim., 2d ed., pp. 195, 204; Zottman *v.* San Francisco, 20 Cal., 96; Herzo *v.* San Francisco, 33 Cal., 145; Mayor of Baltimore *v.* Eschbach, 18 Md., 276; City of Leavenworth *v.* Rankin, 2 Kan., 357, 371.)

II. The court erred in rendering judgment for the plaintiffs, the defendant having shown by evidence that the city of Bryan never passed an ordinance authorizing the employment of plaintiffs to prepare a professional opinion for the use of defendant on the legality of the municipal election, and the defendant having shown that no ordinance had ever been passed by said city of Bryan ratifying such employment of plaintiffs.

*Page & Sims*, for themselves.—Appellant, by its mayor, having retained appellees for work in the line of their profession, and secured that work, used and acted upon it in its corporate capacity and had the benefit of it, though a municipal corporation with limited powers, is bound to appellees upon an implied assumpsit, in the absence of any city ordinance authorizing or making the retainer for the reasonable value of the services so rendered. (Lewis *v.* San Antonio, 9 Tex., 70; Sturtevants *v.* Alton, 3 McL., 393; Fanning *v.* Gregoire, 16 How., 524; San Francisco Gas Co. *v.* City of San Francisco, 9 Cal., 453; (overruled 20 Cal., 33, 96, 134;) Bissell *v.* Jeffersonville City, 24 How., 300; Supervisors *v.* Schenck, 5 Wall., 772; Hitchcock *v.* City of Galveston, 6 Otto, 350, 351; State Board of Agriculture *v.* Citizens' Street Railroad Co., 47 Ind., 407; Maher *v.* Chicago, 38 Ill., 266; Argenti *v.* San Francisco, 16 Cal., 256; Silver Lake Bank *v.* North, 4 Johns. Ch., 370; De Voss *v.* City of Richmond, 18 Grat., 338; Zabriskie *v.* Cleveland and Cincinnati Railroad Co., 23 How.,

400; Conley *v.* Columbus Tap Railroad Co., 44 Tex., 581–583; Parish *v.* Wheeler, 22 N. Y., 62.)

Appellant, acting in the line of her duties as a deputed arm of government, is limited and restricted to the exercise of her legislative offices by ordinance, as prescribed in her charter; but when appellant assumes the role of a private individual or private corporation, as in the case at bar, she is governed by the general law as to liability for contracts and the mode of fixing such liability. (De Voss *v.* City of Richmond, 18 Grat., 338; Field on Corp., secs. 259–263, 266, 273; Barry *v.* Merchants' Exchange Co., 1 Sanf. Ch., p. 280; Brady *v.* Mayor, &c., 1 Barb., 584; Dill. on Mun. Corp., sec. 371; Ang. & Ames on Corp., secs. 110, 271; Chaffee *v.* Granger, 6 Mich., 51; Douglass *v.* Virginia City, 5 Nev., 147; Seibrecht *v.* New Orleans, 12 La. Ann., 496; Rome *v.* Cabot, 28 Ga., 50; Miller *v.* Milwaukee, 14 Wis., 642; Bulkley *v.* Derby Fishing Co., 2 Conn., 254; Le Couteulz *v.* City of Buffalo, 33 N. Y., 333; Burrill *v.* Boston, 2 Clif., 590, 596; Seagraves *v.* Alton, 13 Ill., 371.) And especially as to contracts with attorneys, see Langdon *v.* Castleton, 30 Vt., 285; Smith *v.* Sacramento, 13 Cal., 531; Hornblower *v.* Duden, 35 Cal., 664; Lewis *v.* Mayor of Rochester, 9 Com. B., (N. S.,) 401; Attorney-General *v.* Norwich, 2 Myl. & Cr., 406; Brown on Com. Law, p. 567.

GOULD, ASSOCIATE JUSTICE. — This suit was instituted to recover of the city of Bryan the reasonable value of professional services rendered by the law firm of Page & Sims, in preparing a legal opinion as to the validity of a certain election for municipal officers in said city.

The charter of the city (section 4) provides that " the common council, by ordinances, shall have power as follows ": * * * " Thirty-fifth. In relation to the employment of legal counsel for the assistance of the common council, and to prosecute in behalf of the corporation in criminal cases, and to institute and defend civil suits in their behalf." The

claim of plaintiffs does not rest upon any ordinance of the common council, but upon the action of the mayor in employing them to prepare the opinion, and the subsequent action of the council in availing themselves of the opinion. The evidence not only negatives the passage of any ordinance authorizing or ratifying the employment, but it also negatives any action of the council whatever to that effect, unless such action be inferred from the fact that the opinion was read at a meeting of the council, in connection with an opinion from other attorneys, and that the council acted in accordance with these opinions, holding the election invalid.

We are of opinion that neither the mayor nor the common council were authorized to bind the city by contract for legal counsel for their assistance, no ordinance having been passed in relation to such employment.

The charter gave the power to employ legal counsel, but prescribed that the power be exercised by, or at all events in accordance with, an ordinance of the common council. The charter—the source of all the power of the mayor or council over the subject — having limited the mode of its exercise, they could not in a different mode make a valid contract; nor could they by any subsequent approval or conduct impart validity to such contract. As without an ordinance they were without power to bind the city by an express contract to pay for legal services, the law would not imply any such contract against the city. "The law never implies an obligation to do that which it forbids the party to agree to do." (Brady v. Mayor of New York, 16 How. Pr., 432, as cited in Zottman v. San Francisco, 20 Cal., 105.)

If municipal corporations can be held liable on an implied contract where the charter has withheld the authority to make an express contract, it is easy to evade and render useless such restrictions in their charters. The claim of plaintiffs, that the city of Bryan was bound to pay them because of their employment by the mayor and because of the use made of their opinion by the common council, cannot be main-

tained.    They were bound to know of the limitations on the authority of these officials, and their services were rendered at their own hazard.    ( Zottman v. San Francisco, 20 Cal., 105 ; Bladen v. Philadelphia, 60 Penn. St., 464 ; City of Leavenworth v. Rankin, 2 Kan., 357 ; 1 Dill. on Mun. Corp., sec. 373.)

The case was submitted to the court without a jury, and the court gave judgment for plaintiffs.    In accordance with the view which we have taken of the construction of the charter and of the law of the case, the judgment is reversed, and judgment is here rendered in favor of the city of Bryan that the plaintiffs take nothing by their suit, and that the defendant recover of the plaintiffs all costs in the court below and in this court.

REVERSED AND REFORMED.