### Anna Niederer, Plaintiff in Error, v. James N. Gridley, Defendant in Error.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Error to the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

R. W. MILLS, THOMAS D. MASTERS and HARDIN W. MASTERS, for plaintiff in error.

CHIPERFIELD & CHIPERFIELD, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by Anna Niederer against James N. Gridley for the recovery of the sum of $250, which she alleges he wrongfully obtained from her in payment of a purported claim for legal services claimed to have been rendered by him at her instance and request. The cause was tried before the court, a jury having been waived, and judgment rendered against plaintiff in bar of the action and for costs of suit. To reverse such judgment this writ of error is prosecuted by Anna Niederer.

The facts involved briefly stated are the following: Arnold Niederer, the husband of Anna, died leaving a last will under and by which he devised to her the use, income and profit of and from his entire estate,

for and during her natural life, with the remainder therein to his six children in equal shares. His wife was nominated as executrix of the will with power to sell any, or all of his real estate and convert the proceeds into other real estate or personal property. At the time of his death, the testator was the owner in fee of a tract of land in Mason county known as the Grand Island property. In April, 1905, the widow and children were desirous of selling said property, Edward Niederer, one of the children, having found a purchaser for the same at the agreed price of $18,000. On about April 10th, the parties all met at Chanderville for the purpose of agreeing upon the sale and the distribution of the proceeds. It was understood between the parties that there should be deducted from the share of each of the sons, such amount as might be due from him to the executrix for money advanced. Differences arose as to the amounts that should be so deducted, considerable controversy resulted, and an agreement seemed improbable. At this time, Gridley, who was a practicing attorney at Virginia and who had prior to that time acted as the attorney of the widow, was by telephone called to Chanderville by Edward Niederer, who accompanied him to the home of the widow, where she and the other children had assembled. Through the efforts of Gridley an agreement was finally reached, which was reduced to writing and signed by all parties. The agreement provided that the Grand Island property should be sold for $18,000; that the proceeds should be paid to the widow and by her distributed to the children, deducting from the share of each of those who were indebted to the estate, certain specified amounts, and that whatever should remain of the proceeds, should be used by the widow in repairing a building upon certain other real estate in Chanderville, in which she also had a life estate. Pursuant to said agreement, a deed for the Grand Island property was executed by all of the parties and delivered to the purchaser. The proceeds were paid to the widow, who

first paid certain indebtedness of the testator and then distributed the balance in accordance with the terms of the agreement. The distribution was made by means of checks prepared by Gridley and signed by the widow, to whose credit the purchase money had been deposited in bank. Among the checks so prepared and signed was one payable to Gridley for the sum of $325 being a balance of $75 due him for legal services rendered to the widow prior to that time and as to which there is no dispute, and $250 for his charge for services in assisting in bringing about the execution of the contract in question, and in connection with the sale of the property and distribution of the proceeds; which check was retained by him. Some time thereafter the widow, Anna Niederer, made demand upon Gridley for the sum of $250 claiming that he was not employed by her to perform the services rendered in connection with the sale of the Grand Island property, but that he was employed by Edward, acting for the children; that she did not understand at the time she executed the check in question that it included his fees therefor; and that the check was procured from her by fraud.

There was no controversy upon the trial as to the value of the services performed by Gridley. Upon the issues as to by whom Gridley was employed, for whom the services were rendered, whether Mrs. Niederer was benefited thereby, and as to whether or not at the time Mrs. Niederer executed the check in question, she understood the purpose for which it was given, the evidence is conflicting and irreconcilable. It is urged that the judgment is contrary to and not supported by the evidence. We have carefully read the evidence, and applying the well-settled rule that where the cause is tried by the court, who sees and hears the witnesses while testifying, his finding is entitled to the same weight as the verdict of a jury and should not be disturbed by a court of review unless manifestly unwarranted by the evidence, do not feel at liberty to dis-

turb the findings of the trial judge as to the facts. There is ample competent evidence which, if credible, warranted the finding of the court that the services were rendered under such circumstances as would reasonably imply that they were performed by Gridley with the assent and upon the request of Mrs. Niederer. She was therefore bound to pay him what the same were reasonably worth. Cooper v. Hamilton, 52 Ill. 119; Town v. Thomas, 82 Ill. 259; Price v. Hay, 132 Ill. 543.

No complaint is made as to the rulings of the court upon the propositions of law submitted, which correctly state the law. The judgment will therefore be affirmed.

*Affirmed.*