A. D. STIVERS, *Appellant,* v. THE CITY OF CHERRYVALE, *Appellee.*

No. 17,374.

SYLLABUS BY THE COURT.

1. WRITTEN CONTRACT—*Oral Acceptance—When Binding.* Ordinarily when the terms of a contract are reduced to writing and signed by one of the parties and by him presented to the other, who without signing expresses satisfaction therewith and a willingness to sign and who accepts the terms and proceeds with the work, such contract is binding on both parties.

2. CITIES — *Unsigned Contract — Oral Acceptance — Liability.* When a city receives a bid for preparing certain plans and specifications, instructs its attorney to draw a contract and directs the bidder to proceed without waiting for the contract to be signed, and the bidder thereupon proceeds with the work until it is nearly completed, when he is directed to cease, *held,* that the city is liable to him for the fair cost and value of what he has done, whether it actually received any benefit therefrom or not.

Appeal from Montgomery district court. Opinion filed January 6, 1912. Reversed.

*L. P. Brooks,* for the appellant.
*James A. Brady,* for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover compensation for preparing plans and specifications for a settling basin. A demurrer to his testimony was sustained, and he appeals, assigning this ruling as error. The testimony showed that he appeared before the city council August 2, 1909, and made a proposition to furnish the plans and specifications and the services of an engineer to oversee the work of constructing the settling basin; that the city attorney was instructed to draw a contract, and that on August 13 the contract was approved by the mayor, and the clerk instructed to sign on behalf of the city. At the meeting on August 2 the plaintiff stated to the council that he understood they were in a hurry to have the work completed, and asked if it would be all right for him to go ahead before the contract was signed, to which one member responded that they would be very much pleased if he would do so. He submitted a contract to the city attorney, who prepared another, containing some modifications, and this was signed by the mayor and attested by the clerk. This contract, thus signed, was presented to the plaintiff by the city attorney who asked if it was satisfactory and if the plaintiff was willing to sign it, and, being answered in the affirmative, the city attorney reached for it and put it in his pocket without giving any reason therefor. The plaintiff proceeded with his work until the plans and specifications were completed except part of one page, when he was notified to quit. He testified that his expenses and the value of the work done amounted to $249.50. A bill for the full contract price, $260, was tabled.

If no written contract existed, but the city nevertheless directed the plaintiff to proceed with the work, and permitted him to continue for some time before notifying him to quit, it could not justly deprive him of his expenses and the reasonable value of his services,.

because, having led him to believe that the work was desired, and having directed him to proceed therewith, it was the duty of the city either to advise him promptly that his services were not desired or to compensate him up to the time such notification was given. (*Watkins v. School District*, 85 Kan. 760, 118 Pac. 1069; *Mound City v. Snoddy*, 53 Kan. 126, 35 Pac. 1112; *Roberts v. St. Marys*, 78 Kan. 707, 98 Pac. 211; *Mooney v. Iron Co.*, 82 Mich. 263, 46 N. W. 376.)

The testimony of the plaintiff, which upon demurrer must be taken as true, with all the inferences in his favor fairly to be drawn therefrom, indicates that when the modified contract, signed by the mayor and attested by the clerk, was presented to him for his approval and signature and he expressed his willingness to sign it, the minds of the contracting parties then met upon the terms embraced in the writing. The contract consists of the actual agreement between the parties, and the writing is simply evidence of such agreement, and if the contract thus reduced to writing be signed by one of the parties and accepted and acted upon by the other, it may be as binding as if signed by both of the parties. (*Brownson v. Perry*, 71 Kan. 578, 81 Pac. 197; 9 Cyc. 300.)

The evidence offered by the plaintiff was such that it can not be said to have shown the plaintiff to be without right to recover, but, on the contrary, should have been submitted to the jury.

The order sustaining the demurrer is overruled, and the cause remanded with directions to grant a new trial.