## WATSON v. CITY OF CENTER.
### (No. 1321.)

(Court of Civil Appeals of Texas. Beaumont. June 30, 1926.)

1. Municipal corporations ☞485(I).

Under Rev. St. 1911, art. 1006, right of city to make contract for street improvements does not imply right to purchase paving certificates from contractor.

2. Municipal corporations ☞485(I).

Rev. St. 1911, art. 1011, authorizing city to make improvement certificates assignable, does not authorize city to become purchaser of such certificates.

3. Municipal corporations ☞559.

In absence of statute expressly authorizing purchase by city of paving certificate, city could not maintain suit based on such certificate.

4. Municipal corporations ☞85—If city could purchase paving certificates from contractors, council could not authorize purchase by mere motion, but only by ordinance or formal resolution.

Council could not by mere motion at meeting authorize city to enter into contract for purchase of paving certificates from contractors, since, if city could purchase at all, authority could only be conferred in form of ordinance or formal resolution.

Appeal from District Court, Shelby County; R. T. Brown, Judge.

Suit by the City of Center against J. E. Watson and wife. Judgment for plaintiff against defendant named only, and he appeals. Reversed and rendered.

Chas. L. Brachfield, of Henderson, for appellant.

J. P. Anderson, E. J. McLeroy, and Sanders & Sanders, all of Center, for appellee.

HIGHTOWER, C. J. The appellee, city of Center, filed this suit in the district court of Shelby county against appellant, J. E. Watson,

and his wife, seeking to recover a money judgment of $241.50, and for the foreclosure of a claimed lien on lots Nos. 2 and 3 in block No. 3 of the Blount addition to the city of Center. The suit is based upon a paving certificate that was issued by the city of Center in the name of Brammer & Wilder, paving contractors, who did the work of paving certain streets of the city under a contract between them and the city duly and legally made.

Watson and wife answered by general demurrer, several special exceptions, a general denial, and by special plea of homestead, and by further special plea to the effect that the city of Center was not the legal owner and holder of the certificate sued on, and had no right to any judgment thereon against either of the defendants, either personal or for foreclosure of the claimed lien.

The suit was tried before the court without a jury, and resulted in a judgment in favor of the city of Center, the appellee, against the appellant, J. E. Watson, for $241.50, the amount sued for, but denying recovery in favor of the city as against Mrs. Watson, and further denying foreclosure of the lien on appellant's property, as claimed by appellee, for the reason, as stated by the court, that the property involved was the homestead of appellant and wife.

Appellant, Watson, urges as his first contention in this court that the trial court was in error in overruling his general demurrer, and, while we are inclined to agree with this contention, we have concluded to dispose of this appeal by stating our legal conclusions upon what we conceive to be the undisputed facts upon which this judgment rests.

Stated as briefly as possible, the undisputed facts are: Appellee, the city of Center, is a municipal corporation, and in 1921, by vote of the citizens of the city, it adopted the provisions of chapter 11, tit. 22, Revised Statutes 1911. In November, 1923, the city being duly authorized thereunto by proper ordinances, entered into a contract with the firm of Brammer & Wilder, paving contractors, for the paving and improvement of certain streets of the city. For the purpose of paying for this work, the city had theretofore voted bonds to the amount of $25,000, and these contractors, Brammer & Wilder, agreed to do the paving that the city contemplated, and they would be paid therefor out of the proceeds of these bonds, as far as they went, and the remaining part of the consideration for the work was to be evidenced by paving certificates issued by the city in the name of Brammer & Wilder against owners of property abutting on the streets to be improved. Under ordinances duly passed, assessments were made against these property owners on the several streets to be improved, among others being appellant, who resided and whose property abutted on Cora street and assignable certificates issued by the city in the name of Brammer & Wilder, and when the work of paving had been completed by them and had been

duly accepted by the city, the certificates were duly delivered by the city to the contractors and by them accepted. A number of the citizens of the city whose property had been benefited by the improvements in the way of paving declined to execute any contract fixing a lien upon their abutting property, among them being the appellant here, Watson, and, the contractors being unable to enforce the collection of a number of these paving certificates, the city, without any ordinance or written resolution duly passed, agreed with the contractors to purchase from them these unpaid certificates so that they would be paid in full for their work. Thereupon the city issued deficiency warrants to the amount of $10,000 and sold these warrants, and with the proceeds purchased from Brammer & Wilder these unpaid certificates of the several property owners who had declined to pay, among them being the certificate issued against appellant, Watson, and thereafter the city made demand on Watson for the payment of this certificate so purchased from the contractors, and upon his refusal to pay this suit was instituted.

One of appellant's contentions is that the city of Center had no authority under the law to purchase from the contractors the certificate in question, and that it has no right to maintain this suit based on such certificate against him.

A second contention is that if the city of Center was authorized under the law to purchase this certificate from the contractors, it could only do so through action of the city council, the governing body of the city, passing an ordinance or formal resolution authorizing such purchase, and that since the undisputed facts in this record show that there was no ordinance or formal resolution authorizing such purchase by the city, its purchase of the certificate conferred no right upon it to maintain this suit against him, was beyond its power and authority, was ultra vires, and null and void.

[1, 2] If the city of Center had authority to purchase this paving certificate from the contractors, Brammer & Wilder, such authority must be found somewhere in chapter 11, tit. 22, Revised Statutes 1911. Unquestionably, under article 1006 of that chapter, the city had a right to make the contract as it did with Brammer & Wilder for the paving and improvement of its streets, and under article 1009 of that chapter, the city had the right to pay for such work in whole or in part, and had the right to cause the owners of property abutting thereon to pay a part thereof, not to exceed the limit fixed by the article. And by article 1011 of that chapter, the city had the right by ordinances duly passed to issue assignable paving certificates against abutting property owners carrying personal liability and a lien against their property, if subject thereto, to the extent of benefits received. There is nothing in any of the articles of this chapter and title, as far

as we have been able to find, that expressly authorizes the city, after issuing these paving certificates and delivering them to the contractors, who have accepted them under their contract, to repurchase these certificates and become the owner thereof and bring suit thereon against one of its citizens. If this chapter confers any such authority, it could only be by implication, and before it could be properly held that the city has such implied authority the court should be able to point out wherein that character of authority clearly appears. It will not do to say, in our opinion, that simply because the city had the right to make the contract with the contractors for the improvement of the streets of the city, and by ordinances duly passed to provide that a portion of the consideration for the improvements should be paid by the abutting property owners, that the city would have the right to purchase from the contractors the paving certificates that had been duly executed and delivered to them and accepted by them, and to become a dealer in such certificates and a litigant with its citizens over them. It is true that article 1011 authorized the city to make the certificates assignable, as the city did, but clearly that was for the benefit and convenience of the contractors in handling the certificates and negotiating them, and we think that it ought not to be held that it was contemplated by the Legislature, on account of this authority of the city, that the city should become a purchaser of and dealer in such certificates and a litigant with its citizens. In the case of Foster et al. v. City of Waco et al., 113 Tex. 352, 255 S. W. 1104, the Supreme Court of this state, speaking of the authority of municipal corporations, among other things said:

"It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident, to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or the statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void. (Citing authorities.)"

And further quoting:

"A municipal power will be implied only when without its exercise the expressed duty or authority would be rendered nugatory (citing authorities)."

[3] We have already shown that nowhere in chapter 11, tit. 22, Revised Statutes of 1911, can there be found express authority for the city to purchase these paving certificates from the contractors to whom they had been issued and accepted. Now, can it be fairly said that the authority of the city to enter into contracts for the improvement of its streets would be "rendered nugatory" unless the city had authority to purchase from such contractors paving certificates against property owners such as the one here involved? We think not. We will not discuss at further length this contention made by appellant, because we think it is clear from the reasoning of Chief Justice Cureton in the Foster Case and numerous authorities there cited that the city of Center had no authority to enter into a contract with the contractors in this case for the purchase of the certificate issued by the city against appellant, and therefore it has no right to maintain this suit against appellant for a money judgment based upon such certificate. The work had already been done and paid for by the city out of proceeds arising from the sale of deficiency warrants, and a general tax had been levied and is still being collected against all the citizens of the city to pay off and discharge these deficiency warrants, and now, in addition to this, the city, having purchased the certificate against appellant, one of its citizens, is attempting and claims the right to recover a personal judgment against him for the amount of the certificate. We think that there is no such right in the city, and the court should have so held.

[4] But if mistaken in this view, and if it should be held that the city had the implied authority under any of the articles of chapter 11, tit. 22, to purchase this certificate from the contractors, nevertheless the city could only be authorized to do so by ordinance or resolution formally introduced and passed by the city council, the governing body of the city, authorizing such action. This, according to the undisputed record, was not done, but only a verbal motion that was made at a meeting suddenly called, where only a portion though a quorum of the city council was present, and this verbal motion was entered upon the minutes, by the terms of which the city was authorized to purchase these certificates out of the proceeds of the sale of the deficiency warrants. Under the statute, as we construe it, the city could not be authorized by mere verbal motion to enter into a contract with Brammer & Wilder for the purchase of these paving certificates, but was required, if the council could confer such authority at all, that it be in the form of an ordinance, or at least a formal resolution. American Construction Co. v. Seelig, 104 Tex. 16, 133 S. W. 429; Noel v. San Antonio, 11 Tex. Civ. App. 580, 33 S. W. 265; Matagorda County v. Gaines & Corbett (Tex. Civ. App.) 140 S. W. 370; Penn v. City of Laredo (Tex. Civ. App.) 26 S. W. 636; City of Bryan v. Page, 51 Tex. 535, 32 Am. Rep. 637; Celaya v. City of Brownsville (Tex. Civ. App.) 203 S. W. 159.

There are other contentions made by appel-

lant, but we deem it unnecessary to discuss them, for if we are wrong in the views above expressed, there could be nothing in his other contentions. It follows that it is the opinion of this court that the trial court's judgment should be reversed, and since the facts in this case are without dispute, and there is nothing to indicate that they could be materially different upon another trial, judgment should be rendered in favor of appellant; and it has been accordingly so ordered.