## SLUDER v. CITY OF SAN ANTONIO.
### (No. 876–4373.)

Commission of Appeals of Texas, Section B.
Feb. 22, 1928.

**1. Municipal corporations ⬦➡247—Municipality receiving benefits under contract illegal because of law will be held liable on implied contract for reasonable value of benefits.**

Where county or municipality receives the benefits under contract illegal because not in conformity with Constitution or statute or charter provisions of city, it will be held liable on implied contract for reasonable value of benefits which it may have received.

**2. Municipal corporations ⬦➡247—City accepting benefits of legal service at request of mayor without necessary authorization by ordinance held liable under implied contract for reasonable value of service.**

Where legal services were performed at request of mayor and accepted by city and liability denied under ordinances providing that no contract shall be made by city, nor money appropriated other than by ordinance, and any debt contracted by officers of city, payment of which has not been previously provided for by ordinance shall be void, *held* that, although attorney could not recover under terms of contract, he could recover on implied contract for reasonable value of service.

**3. Municipal corporations ⬦➡249—Right to recover on implied contract from municipality held applicable, whether one furnishes money, property, or personal service.**

Right to recover under implied contract for benefits conferred upon municipality *held* to apply with equal force, whether one furnishes money, property, or personal service.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by J. T. Sluder against the City of San Antonio. Judgment denying recovery was affirmed by the Court of Civil Appeals (269 S. W. 463), and plaintiff brings error. Reversed and rendered.

Marcus W. Davis, George G. Clifton, and John H. Bickett, Jr., all of San Antonio, for plaintiff in error.

Jos. Ryan, City Atty., T. D. Cobbs, Jr., and W. B. Halbig, all of San Antonio, for defendant in error.

LEDDY, J. Hon. O. B. Black was mayor of the city of San Antonio in 1922. In the spring of that year he sought to inaugurate certain projects, including the acquisition by the city of a municipal gas plant, a proposed election to authorize the issuance of bonds with which to supplement an existing fund for building a municipal auditorium, and a proposed election at which certain charter amendments were to be submitted to the voters of the city for adoption or rejection. In connection with these projects he deemed it

advisable to secure the legal advice and assistance of an attorney specially skilled in this particular work, and to that end he engaged Judge J. T. Sluder, a practicing attorney of the San Antonio bar, to prepare all such ordinances, contracts, and other papers as might be necessary in connection with such projects, and to advise and counsel with the city authorities in regard to such matters.

The trial court found, and the Court of Civil Appeals held the facts warranted such findings, that appellant performed the services contemplated under his employment by the mayor, and that the services rendered under such employment were reasonably worth the amounts demanded therefor by appellee, to wit, in the municipal gas plant project, $1,500; in the municipal auditorium matter, $250; and in the charter amendment plan, $1,500. It appears from the evidence that Judge Sluder's services in these matters were rendered with the full knowledge, consent, and acquiescence of at least a majority of the members of the board of city commissioners, as well as the mayor.

The suit instituted by Judge Sluder was for compensation on an implied contract on behalf of the city to pay the reasonable value of the services rendered under such employment. The trial court denied a recovery, and entered judgment in favor of the city for $1,500 it had theretofore paid Judge Sluder under such contract and upon appeal its judgment was affirmed by the Court of Civil Appeals.

The basis of the trial court's denial of liability of the city rests upon the provisions of sections 20 and 40 of the charter of the city of San Antonio, which, in so far as pertinent here, are as follows:

"Section 20. The board of commissioners, or a majority thereof, may act by resolution in all cases except where an ordinance is by this act required; provided, that no contract on the part of the city shall be made or authorized nor any money appropriated from the funds of the city, * * * otherwise than by ordinance."

"Section 40. Any debt hereafter contracted by any officers of the city, or by any person on account of the city, the payment of which has not been previously provided for by ordinance duly adopted by the city council, shall be absolutely null and void and uncollectible at law or in equity, and it shall be the duty of the city attorney to plead this statute to defeat the collection or enforcement of any such claim or debt."

The City of San Antonio contends that inasmuch as the above charter provision denies the right of said city to make any contract except as therein provided, and expressly declares all contracts not made in conformity thereto void, no recovery can be had upon an implied contract for the reasonable value of the services rendered. Plaintiff in error insists that even though the contract made by

him with the mayor was not in conformity with the charter provisions, and therefore void, nevertheless, the subject-matter thereof being one in which the city of San Antonio had the legal right to make a contract, and the undisputed evidence showing that the services were of the reasonable value of the amount claimed, and rendered by him at the special instance and request of a city official, and performed with the knowledge, consent, and acquiescence of a majority of the governing body of said city, that there is an implied contract on the part of the city to pay the reasonable value of the benefits the city has received under the plaintiff in error's employment, and the city is estopped to deny the validity of such contract.

The case mainly relied upon by the defendant in error to sustain its position is that of City of Bryan v. Page, 51 Tex. 532, 32 Am. Rep. 637. It appears in that case that the city charter required contracts to be made by ordinance. A firm of attorneys was employed by the mayor of the city of Bryan without complying with the charter provision. In suit for compensation the Supreme Court held that the city officials were without power to bind the city to pay for legal services and that the law did not imply any such contract against the city. This decision would be authority for denying plaintiff in error a right of recovery were it not for the fact that the rule laid down in this case was subsequently modified by the Supreme Court in the case of City of San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763. Judge Gaines, after quoting fully from the case of Bryan v. Page, supra, expressly permitted a recovery upon an implied contract for the reasonable value of the premises used by the city of San Antonio where it had merely held over after the termination of its authorized contract. In authorizing a recovery on an implied contract, Judge Gaines said:

"It may be that when a municipal corporation has received the benefit of a contract which it had the power to make, but which was not legally entered into, it may be compelled to do justice and to pay the consideration, or at least to pay for what it has received. In such cases it is said that the law will imply a contract. * * * As said by Mr. Justice Field in the case of the San Francisco Gas Co. v. San Francisco, 9 Cal. 453, 'Where the contract is executory the corporation cannot be held bound unless the contract is made in pursuance of the provisions of its charter; but where the contract is executed and the corporation has enjoyed the benefit of the consideration an implied assumpsit arises against it.' "

[1] Since the decision in the French Case our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon; our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation.

An analysis of the decisions rendered since the decision of the French Case shows clearly that the rule therein laid down has been steadily adhered to. The Constitution and statutes of this state require that all disbursements of a county should be made by the treasurer "only upon previous orders of the commissioners' court." In the case of Boydston v. Rockwall County, 86 Tex. 234, 24 S. W. 272, it appeared that a disbursement was made by the county treasurer by purchasing bonds of another county without any authority of the commissioners having been previously given. The court held that the contract was illegal and void, but at the same time held the county liable because it had received and retained the benefit of such contract of purchase. In passing on the question it was said:

"A contract made in the name of the commissioners' court by an unauthorized party may be ratified by a formal order; but such order is not necessary to such ratification. When the fact of the contract came to the knowledge of the commissioners' court, and they elected to hold the bonds or take any other benefit under them, or to carry out its provisions, they ratified it, and the county was estopped to deny its validity. Kneeland v. Gillman, 24 Wis. 42; Peterson v. Mayor, 17 N. Y. 453; Town of New Athens v. Thomas, 82 Ill. 259; Tyler v. Trustees, 14 Or. 485 [13 P. 329]; Fisher v. La Rue, 15 Barb. [N. Y.] 323."

In the case of Mineralized Rubber Co. v. City of Cleburne, 22 Tex. Civ. App. 621, 56 S. W. 220, the city authorities purchased certain fire hose from the appellant. The contract of purchase was held to be directly within the provision of article 11 of the Constitution, which prohibits the creation of a debt "unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least 2 per cent. as a sinking fund." Section 7. This contract, being expressly forbidden by the Constitution, was held to be absolutely void; yet it was determined that appellant could recover not only the hose itself, but was also entitled to recover compensation for the use of the hose while in the city's possession. In passing on this question, the court said:

"We think appellant entitled to compensation for the use of the hose while in appellee's possession. Appellee was entitled to be reimbursed for the amount of freight it had paid on the hose, and it was incumbent upon appellant to offer, by plea, to return said amount, subject to such set-off as might be allowed for the use of the hose."

The implication is clear in the above opinion that if the city had failed to return the hose, it would have been proper to have entered judgment in appellee's favor for the reasonable value thereof.

In the case of Wagner et al. v. Porter (Tex. Civ. App.) 56 S. W. 560, the city contracted to allow appellee certain credits on taxes owed by him to the city in consideration of certain legal services to be performed by appellee. The contract was held to be absolutely void as contravening article 11, §§ 4 and 6 of the Constitution, and R. S. 1895, art. 522, requiring that taxes levied by a city to pay current expenses or interest on bonded indebtedness shall be payable in money. Notwithstanding the contract was held to be absolutely void, and that no action whatever could be maintained thereon, it was nevertheless decided by the court that appellee was entitled to recover on quantum meruit for the reasonable value of the services rendered. The rule was thus laid down by Justice Pleasants:

"If the city of Greenville has accepted the services of appellee, and received the benefit of the same, it would be responsible to him, on a quantum meruit, for the reasonable value of such services."

In the case of City of Dallas v. Martin, 29 Tex. Civ. App. 201, 68 S. W. 710, it appears that appellee took the acknowledgments of some 1,483 tax deeds made to the city by the city tax collector. The city council had not authorized the collector to contract for the payment of fees for such acknowledgments. The San Antonio Court of Civil Appeals, in an opinion by Justice Fly, held that appellee was entitled to recover, citing the case of City of San Antonio v. French, supra, in support of such proposition. Recovery was permitted on the theory that the city received the full benefit of the work done by the notary public, and that, his charge being the amount recognized and provided by the laws of the state, a contract should be implied to pay for the work.

In Berlin Iron-Bridge Co. v. City of San Antonio (Tex. Civ. App.) 50 S. W. 408, it was held that even though the contract was expressly prohibited by the Constitution, if the same was one the city had the legal power to make, under the authority of the French Case, the reasonable value of the services rendered could be recovered under an implied contract. Chief Justice James, in discussing this question, said:

"There can be no question that, under the above circumstances, the city had the power to make a contract for the work in question; and that, if such a contract should fail by reason of not having been made in the authorized manner, the effect would be that it could not be enforced as a contract. Here there are allegations that the structure, when finished in June, 1892, was accepted by the city, and that the city has, since that time, possessed and used the same, and is now doing so. This, under the decision in City of San Antonio v. French, 80 Tex. 578, 16 S. W. 440 [26 Am. St. Rep. 763], would render the city liable to plaintiff for the reasonable value thereof. The petition, therefore, states a case, notwithstanding there may be no recovery on the express contract."

In the case of City of Brenham v. Water Co., 67 Tex. 566, 4 S. W. 143, it was held that the city had the power to enter into a contract by which it might be supplied with water, but in that case in the attempted exercise of this power, it made a contract with the water company, which was held to be a monopoly under our constitutional provision denouncing perpetuities and monopolies. The Supreme Court held that this contract violated the express provision of the Constitution, and was absolutely void, yet it was held that the water company could recover, not under the express contract, but on an implied contract for water used by the city thereunder. Justice Stayton, speaking for the court in allowing such recovery, used this language:

"If the appellee furnished water between the time the works were put in operation under the ordinance passed June 1, 1885, and the 10th of July of that year, when the city declined further to regard the contract as binding, for that the city ought to be held liable, but this is the extent of the right of the appellee to recover for water furnished the city."

In the case of City of Denison v. Foster (Tex. Civ. App.) 28 S. W. 1052, plaintiff sought to recover for legal services, alleging both an express and implied contract. It appears in that case that the mayor, with the consent of the city council, employed a special counsel to represent the city of Denison. Said employment, however, appeared to be in violation of a resolution of the city council that employment of lawyers could only be made by the council. The court held that the contract was void, but sustained the plaintiff's right to recover on an implied contract, likewise citing the French Case as sustaining such proposition. In passing on the question, the court observed:

"There is another theory of the evidence contended for by them [appellees] which we think fully sustains the judgment of the court. It is that the city, having received the benefit of the services of plaintiffs in defending the suits against the city, the council knowing during the time said suits were pending that said services were being performed, is now estopped from denying liability for same."

The same doctrine is announced in Gallup v. Liberty County, 57 Tex. Civ. App. 175, 122

S. W. 296, in which Judge Neill, speaking for the court, said:

"This principle applies to a municipal corporation the same as to an individual as to contracts which have been unauthorizedly entered into on its behalf, if it could have originally authorized such acts or contracts. If there is legal authority for the contract, though it be illegal because of some irregularity or informality in the manner or time of its execution, and therefore incapable of enforcement, it may be ratified by an acceptance of the benefits of the contract by the corporation."

In the case of Brand v. City of San Antonio (Tex. Civ. App.) 37 S. W. 340, the plaintiff made a contract with the mayor to collect delinquent taxes, but, as in this case, no ordinance was passed authorizing the making of such contract. It was there held that the contract was void and no recovery would be permitted thereon, but that since the charter showed that the city could have made the contract, and it appeared that the city received the benefit of plaintiff's work, under the doctrine announced in the French Case, the court held that a recovery should be permitted on an implied contract.

The latest expression of our Supreme Court on this question is its approval of the judgment of the Commission of Appeals in the case of Payne et al. v. Bank, 291 S. W. 210. In that case it was decided that the action of the city of North Pleasanton in attempting to create a debt and pledge the credit of the city as payment was void under the Constitution and statute, yet the city was liable to pay its warrants; it appearing that the city had received the benefit of the money that had been acquired and spent for said improvements. The decision is predicated upon the proposition that, while the contract was absolutely void, upon the doctrine of acquiescence, ratification, and estoppel the city could not resist the right of the holders of the warrants to recover thereon when it appeared the city had received the benefit of the proceeds thereof. The following cases announce the same principle: Gussett v. Nueces County (Tex. Com. App.) 235 S. W. 858; Galveston County v. Gresham (Tex. Civ. App.) 220 S. W. 561; Penn v. City of Laredo (Tex. Civ. App.) 26 S. W. 636; City of San Antonio v. Tobin (Tex. Civ. App.) 101 S. W. 269; Stringer v. Franklin County, 58 Tex. Civ. App. 343, 123 S. W. 1168.

The rule thus firmly established by the courts of this state rests upon the obligation of a municipality to do justice when it has received money, property, or services of another. Under such circumstances, the plainest principles of justice require that it should not be permitted to receive and retain the benefits of a contract without paying the reasonable value thereof. This principle is, we think, supported by the great weight of authority.

In the case of State of Minnesota et al. v. Bert Clark, 116 Minn. 500, 134 N. W. 129, 39 L. R. A. (N. S.) 43, it appeared that the statutes of Minnesota provided that "no contract with a municipal corporation, for the doing of any public work, shall be valid for any purpose, unless the contractor shall give a bond to the municipal corporation," for the purpose of securing persons who furnish labor and material, etc. The Supreme Court of Minnesota held that a contract in which no bond was given as required by statute was wholly void, and no recovery would be permitted thereon. The rule of implied contract, however, was sustained, and the plaintiff was permitted to recover the reasonable value of the labor and material furnished by him in performance of such contract.

While there are a number of decisions supporting the theory of nonliability of the city under facts similar to those in this case, we think the great weight of authority is to the contrary. Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659; Columbus Waterworks v. City of Columbus, 48 Kan. 99, 28 P. 1097, 15 L. R. A. 354; Moore v. Mayor, 73 N. Y. 238, 29 Am. Rep. 134; Schipper v. City of Aurora, 121 Ind. 154, 22 N. E. 878, 6 L. R. A. 318; McDonald v. Mayor, 68 N. Y. 23, 23 Am. Rep. 144; Memphis Gaslight Co. v. City of Memphis, 93 Tenn. 612, 30 S. W. 25; Dowell v. City of Portland, 13 Or. 248, 10 P. 308; City of Mound City v. Snoddy, 53 Kan. 126, 35 P. 1112; Sam Yuen v. McMann, 99 Cal. 497, 34 P. 80; City of Logansport v. Dykeman, 116 Ind. 15, 17 N. E. 587; Argenti v. San Francisco, 16 Cal. 273; Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823; Stivers v. Cherryvale, 86 Kan. 270, 120 P. 361; Smith v. Dandridge, 98 Ark. 38, 135 S. W. 800, 34 L. R. A. (N. S.) 129, Ann. Cas. 1912D, 1130; Mixer v. Adam, 66 Misc. Rep. 238, 121 N. Y. S. 31; Des Moines v. Welsbach Street Lighting Co., 110 C. C. A. 540, 188 F. 906; Buck v. Eureka, 109 Cal. 504, 42 P. 243, 30 L. R. A. 409; London & New York Land Co. v. City of Jellico, 103 Tenn. 320, 52 S. W. 995; Allsman v. Oklahoma City, 21 Okl. 142, 95 P. 468, 16 L. R. A. (N. S.) 511, 17 Ann. Cas. 184; Lincoln Land Co. v. Grant, 57 Neb. 70, 77 N. W. 349; Central Bitulithic Co. v. Clemens, 143 Mich. 259, 106 N. W. 888; Higgins v. San Diego, 118 Cal. 524, 45 P. 824, 50 P. 670; Maher v. Chicago, 38 Ill. 266; New Athens v. Thomas, 82 Ill. 259; Wentink v. Passaic, 66 N. J. Law, 65, 48 A. 609; Tucker v. Virginia, 4 Nev. 20; Cleveland v. Denison, 16 Ohio Cir. Ct. R. 541; Ward v. Forest Grove, 20 Or. 355, 25 P. 1020; Bartholomew v. Lehigh County, 148 Pa. 82, 23 A. 1122; Endion Imp. Co. v. Evening Telegram Co., 104 Wis. 432, 80 N. W. 732; Crump v. Colfax County, 52 Miss. 107; Saguache County v. Skinner, 8 Colo. App. 272, 45 P. 514; City of Topeka v. Ritchie, 105 Kan. 398, 184 P. 728; McGovern v. City of Chicago, 281 Ill. 264, 118 N. E. 3; 3 McQuillan on Municipal Corporations, § 1178, and cases cited in note 64; 1 Dillon on Municipal Corporations, § 460.

[2] Defendant in error seeks to distinguish the cases we have discussed on the ground that the provisions of the charter of the city of San Antonio prohibit the making of the contract with Sluder and expressly declare any such contract void. Full effect is given to this provision, as Sluder has not been permitted to recover under such contract. Certainly, the provisions of the charter of the city of San Antonio cannot be given any stronger force than the express provisions of the Constitution and statutes of this state. It appears in numerous cases that where the contract has been expressly prohibited by the Constitution, and was therefore absolutely void, the rule of implied contract has nevertheless been applied. The charter provisions of the city of San Antonio do no more than to prohibit any recovery on a contract not made in accordance therewith. Such provisions can have no reference to an implied contract, as there can be no such thing as an implied contract being made by ordinance.

The contract upon which Sluder is entitled to recover does not spring from the charter provisions, but is one which the law raises by implication in order to prevent the ends of justice being defeated. It would be manifestly unjust and inequitable to permit the officers of a city, who have knowledge that a party is performing services under a contract, to sit silently and permit the same to be fully completed, and, when the city has received the benefit of full performance thereof, to interpose the defense that it should not be required to pay for such benefits because the contract was not made in the particular form required by the charter.

[3] On the oral argument defendant in error sought to draw a distinction between a case where a city had received money or property under a void contract and where personal services had been rendered. It was in effect admitted that had Sluder sold the city merchandise under a contract not made by ordinance, and the city had used the same and received the benefit thereof, a recovery should be awarded for the reasonable value thereof. No sound reason exists to support such distinction. Under such circumstances recoveries are permitted through estoppel or under implied contract because it is inequitable to permit a municipality to retain benefits for which it declines to pay; and this principle applies with equal force whether a party contracting with a city furnishes money, property, or personal services.

Defendant in error complains that if a recovery is permitted on an implied contract in the face of the charter provisions in question, that the same will not operate to be of any benefit or protection to a city whatever. We do not think such result necessarily follows, for the reason that these provisions effectually prevent any recovery being had under a contract not made in conformity therewith. Officials of the city are therefore prevented from binding the city to pay any unconscionable profit under any contract as a party claiming a right to recover under an implied contract would be limited to the reasonable value of the benefits received by the city. Furthermore, the charter provisions afford protection to the city in that any member of the city council or any taxpayer could prevent by proper proceedings the performance of any contract not complying with the charter provisions. Be that as it may, if the officials of the city remain silent and permit the full performance of a contract which the city has the power to make under the charter, it ought not, in all good conscience, be heard, after receiving such benefits, to refuse to pay the reasonable value thereof.

We therefore recommend that the judgment of the trial court and the Court of Civil Appeals be reversed, and that judgment be rendered in favor of plaintiff in error.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.