### CITY OF SAN ANTONIO et al. v. FRIZZELL.

No. 2348.

Court of Civil Appeals of Texas. Beaumont.

May 3, 1933.

Rehearing Denied May 10, 1933.

Jack Davis, W. C. Davis, T. D. Cobbs, Jr., and C. K. Quin, all of San Antonio, for appellants.

C. A. Davies and Joe Burkett, both of San Antonio, for appellee.

WALKER, Chief Justice.

In February, 1923, appellee, J. D. Frizzell, owned and was operating a barbershop at 504 Navarro street, San Antonio, for which he was paying a monthly rental of $140 and his lease had more than three years to run. Appellant city of San Antonio decided to appropriate and use this property in a program for widening its streets. In adjusting appellee's claim for damages, appellant agreed by ordinance to move appellee's barbershop to a new location, to be selected by him, and to install it under his direction, all without any cost to appellee and to compensate him for any damage that might be done his furniture and fixtures in moving and installing them, and for further compensation to appellee appellant agreed to make him the following payments: "Should the moving and installing not exceed one week of seven days, then he is to receive Two Thousand ($2,000.00) Dollars for such lost time and the business that will be lost by virtue of said move, and a proportionate amount should it require a longer time in making said move and installation, the time allowed or to be allowed for the making of such move and installing said shop, not to exceed fifteen (15) days. Said payment also to cover the relinquishment of the leasehold rights of said J. D. Frizzell."

Appellant undertook the duty of moving and installing appellee's barbershop and ac-complished the task in eleven days. The sum of $2,000 was paid appellee under this agreement by warrant, which he accepted and indorsed. This warrant contained the following clause: "This amount is accepted in full satisfaction of all claims against the city incident to the contract or labor and material furnished thereunder."

Appellee's average return from his barbershop before moving was about $300 a month, and in his new location from $150 to $175 a month. He had to pay $250 a month rent for the new location. At the time this contract was made appellant's charter contained the following provisions. Section 40: "Any debt hereafter contracted by any officer of the City, or by any person on account of the City, the payment of which has not been previously provided for by ordinance duly adopted by the City Council, shall be absolutely null and void and uncollectible at law or in equity, and it shall be the duty of the City Attorney to plead this statute to defeat the collection or enforcement of any such claim or debt."

And section 20, which in part provided: "Provided, no contract on the part of the City shall be made or authorized, nor any money appropriated from the funds of the City * * * otherwise than by ordinance."

This suit was by appellee against appellant, to recover the "proportionate amount" provided by the contract for the four extra days required to move the barbershop. In defense appellant pleaded general denial, the provisions of the charter quoted above, and raised the issue that the provision for extra time beyond the one week was a stipulation for a penalty and not for liquidated damages. Upon trial to the court without a jury judgment was rendered in favor of appellee against appellant for $1,132.84, "for a four days overage in moving of said barbershop" with interest thereon at the rate of 6 per cent. per annum from the 15th day of June, 1923, and for $35.30 damage to fixtures "upon which said amount plaintiff shall not be allowed any interest."

We cannot agree with appellant that the provision of the contract by which appellant was to pay appellee "a proportionate amount" of $2,000 for the time beyond one week required to move the barbershop amounted to a penalty. It was clearly provided in the contract that the payment, not only of the original $2,000, but of the proportionate amount, was to cover the relinquishment of appellee's freehold rights, as well as his other damages. The issue was raised, as appears from the statement above, that appellee lost in revenue more than $100 a month and in rent more than $100 a month for a period of more than three years. It thus appears that the jury could have found that ap-

pellee's actual damage far exceeded the compensation allowed him by the contract.

■ The indorsement upon the warrant, tendered appellee in payment of the first $2,000, did not amount to a release of his claim for the "four days overage" found in his favor by the trial court. This indorsement merely referred to that provision of the contract whereby appellee was to have $2,000 for the first week of seven days. If the language of the indorsement does not compel that construction, then at least it was ambiguous and the evidence was clearly to the effect that the $2,000 warrant was tendered by appellant and accepted by appellee merely in discharge of the $2,000 item.

■ The charter provisions pleaded by appellant have nothing to do with obligations of the character involved in this litigation. Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841.

■ In moving and installing the barbershop, appellant had to make certain alterations in the building selected by appellee. There is no merit in the contention that appellant was not liable for the time necessary to make these repairs and alterations. The contract specially provided that the barbershop should be "installed in new quarters of his (appellee's) selection at no expense to him."

For the reasons stated the judgment of the lower court is in all things affirmed.