CITY OF SAN ANTONIO ET AL. V. J. D. FRIZZELL.

No. 6593.   Decided March 25, 1936.
(91 S. W., 2d Series, 1056.)

*T. D. Cobb, Jr.*, City Attorney, *W. C. Davis* and *Jack Davis*, Assistants City Attorney, all of San Antonio, for plaintiff in error.

Where contract for moving a barber shop provides that owner is to receive a proportionate amount of the sum of $2,000.00 for each day's delay in excess of seven days, the time allowed for the said moving, the party aggrieved is only entitled to actual damages where there is no approximation between the actual damages sustained and proved by reason of the delay, and the liquidated damages, and where the amount stipulated in the contract as liquidated damages greatly exceed the actual damages sustained, the actual damages being easy of ascertainment. Collier v. Betterton, 29 S. W., 467; Kelly v. Cochran County, 50 S. W. (2d) 848; Farrar v. Beeman, 63 Texas, 175; 17 C. J., 934-944.

*C. A. Davies* and *S. B. Davies*, both of San Antonio, for defendant in error.

A provision in a contract to pay a stipulated sum in case of default cannot be treated as providing for a penalty and not for liquidated damages if at the time of the execution of the contract the damages which would result from its breach are uncertain or their amount indeterminate. Eakin v. Scott, 70 Texas, 442; Williams v. Beasley, 300 S. W., 193; Pearce v. Hallum, 30 S. W. (2d) 400; Dutton v. Miller, 11 S. W. (2d) 551.

Mr. Judge GERMAN delivered the opinion for the Commission of Appeals, Section A.

Defendant in error, J. D. Frizzell, who will be called plaintiff, sued the City of San Antonio to recover upon a contract evdenced by an ordinance of the governing body of the city. In the matter of widening one of its streets the city found it necessary to remove a barber shop operated by plaintiff under an unexpired lease, and the contract was made in connection

with the removal of this barber shop. A judgment in favor of plaintiff was affirmed by the Court of Civil Appeals, 59 S. W. (2d) 881.

The case as now presented here involves but two questions. The first is as to the proper construction of the contract, and this is the dominent question in the case. The contract, as evidenced by the ordinance, is as follows:

"The City of San Antonio agrees with J. B. Frizzell as follows:

"First: That the barber shop at 504 Navarro Street, San Antonio, Texas, known as Radio Barber Shop, shall be raised, moved and installed in new quarters of his selection at no expense to him, and with the least possible loss of time, satisfactory to all parties concerned, the entire expense, breakage and damage to be borne by the City.

"Second: Should the moving and installing not exceed one week of seven days, then he is to receive Two Thousand ($2000) Dollars cash for such lost time and the business that will be lost by virtue of said move, and a proportionate amount should it require a longer time in making said move and installation, the time allowed or to be allowed for the making of such move and installing said shop, not to exceed fifteen (15) days. Said payment also to cover the relinquishment of the leasehold rights of said J. D. Frizzell. (See copy of proposal of said Frizzell hereto attached, marked Exhibit 'D')."

■ Defendant complains that the Court of Civil Appeals erred in holding that this contract provided for liquidated damages, and not merely a penalty, and that such holding is in conflict with numerous decisions. As we construe the opinion of the Court of Civil Appeals, it does not hold that this contract provided for liquidated damages in the event a longer period than seven days was required to remove and install the barber shop. The question is not one of liquidated damages or penalty. We think that the contract clearly means that if it did not require more than seven days to remove and install the barber shop the plaintiff was to be paid the sum of $2000.00; but if it required a longer time than seven days, he was to be paid a proportionate amount for the additional time. While the contract itself is clearly susceptible of this construction, yet when we examine the proposal made by plaintiff there can be no doubt about the matter. The ordinance contained the following provision: "See copy of proposal of said Frizzell hereto attached, marked Exhibit 'D'." We are therefore authorized to consider

the proposal in aid of construction of the ordinance. This proposal is as follows:

"That I, J. D. Frizzell, of the County of Bexar and State of Texas, submit the following proposition for your consideration, to wit:

"First: That the barber shop controlled by me at 504 Navarro St., San Antonio, Bexar County, Texas, and known as the Radio Barber Shop, shall be raised, moved and installed in new quarters of my selection at no expense to me, and with the least possible loss of time, satisfactory to all parties concerned, the entire expense, breakage, and damage, to be borne by you.

"Second: Should the moving and installing not exceed one week of seven days, then I am to receive Two Thousand ($2000.-00) Dollars cash for such loss time and business that will be lost by virtue of said move, and a proportionate amount should it require a longer time in making said move and installation, the time allowed or to be allowed for the making of such move and installing said shop not to exceed fifteen (15) days."

It is obvious that by the ordinance it was intended to accept and approve this proposal, and it expressly provides that plaintiff should be paid a proportionate amount of the $2000.00 should it require a longer period than seven days in making the said move and installation. It is undisputed that the city took an additional four days to move the barber shop, and the Court of Civil Appeals properly rendered judgment in favor of plaintiff for four sevenths of $2000.00.

■ Defendant further complains that the contract was in violation of the following provision of the city charter:

"Any debt hereinafter contracted by any officer of the City or by any person on account of the City, the payment of which has not been previously provided for by ordinance duly adopted by the City Council, shall be absolutely null and void and uncollectible at law or in equity, and it shall be the duty of the City Attorney to plead the collection or enforcement of any such claim or debt."

As the contract in question was made by ordinance duly adopted, it is apparent that this provision of the charter has no application.

It is to be understood that this opinion is not a holding that the contract, in so far as it provides payment for lost time and loss of business, is such a contract as was within the power of the City Council to make. We cannot consider that question, as it was not presented in the Court of Civil Appeals or in

this court. We have only been called upon to construe the contract in the manner indicated above, and its validity has not been questioned, except as in violation of Section 40 of the Charter.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court March 25, 1936.